**Marion BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–99–01368–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 3, 2000.

**502**

W.B. House, Jr., Houston, for appellants.

Calvin Hartman, Houston, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, ANDERSON, and FROST.

## OPINION

PER CURIAM.

Marion Brown (Appellant) appeals from the trial court's habeas corpus judgment. Appellant was indicted for the first degree felony offense of possession of 4.5 kilograms of cocaine, with the intent to deliver. His pre-trial bond was set at $1 million. In his pre-trial application for writ of habeas corpus, Appellant requested that the trial court lower his bond to $50,000. Following an evidentiary hearing, the court lowered Appellant's bond to $500,-000. This appeal ensued. We affirm.

The primary purpose of an appearance bond is to secure the presence of the accused at trial on the offense charged. *See Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex.Crim.App. [Panel Op.] 1980); *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim.App.1977); *Ex parte Brown*, 959 S.W.2d 369, 371 (Tex.App.—Fort Worth 1998, no pet.). Bail should be set high enough to give reasonable assurance that the defendant will appear at trial, but it should not operate as an instrument of oppression. *See Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex.Crim.App.1980); *Vasquez*, 558 S.W.2d at 479. The burden is on the person seeking the reduction to demonstrate that the bail set is excessive. *See Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex.Crim.App. [Panel Op.] 1980); *Vasquez*, 558 S.W.2d at 479. Further, the decision regarding a proper bail amount lies within the sound discretion of the trial court. *See Ex parte Brown*, 959 S.W.2d at 372; *see also* TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp.2000) (giving the trial court discretion to set the amount of bail).

Article 17.15 of the Texas Code of Criminal Procedure sets forth the following rules for fixing the amount of bail:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with;

2. The power to require bail is not to be so used as to make it an instrument of oppression;

3. The nature of the offense and the circumstances under which it was committed are to be considered;

4. The ability to make bail is to be regarded, and proof may be taken upon this point; and

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX.CODE CRIM. PROC. ANN. art. 17.15. The following factors should also be weighed in determining the amount of bond: (1) the accused's work record; (2) the accused's family and community ties; (3) the accused's length of residency; (4) the accused's prior criminal record, if any; (5) the accused's conformity with the conditions of any previous bond; (6) the existence of outstanding bonds, if any; and (7) aggravating circumstances alleged to have been involved in the charged offense. *See Ex parte Rubac,* 611 S.W.2d 848, 849–50 (Tex.Crim.App. [Panel Op.] 1981); *Ex parte Brown,* 959 S.W.2d at 372.

■ In his application for writ of habeas corpus, Appellant sought to reduce his pre-trial bond from $1 million to $50,000. Following an evidentiary hearing, the trial court denied that request but reduced the bond to $500,000.

In this case, Appellant made a strong showing that he has substantial ties to the community as well as an established work record. A life-long resident of Houston, Appellant owns and operates a landscaping business. He also owns a home in Houston. All of his family members also live in Houston. Community ties and length of residency, however, are not the only factors we consider in our review.

■ The amount of bail must also be based upon the nature of the offense alleged and the circumstances under which it was allegedly committed. *See Ex parte Davila,* 623 S.W.2d 408 (Tex.Crim.App. [Panel Op.] 1981). In considering the nature of the offense, it is proper to consider possible punishment. *See Charlesworth,* 600 S.W.2d at 317; *Vasquez,* 558 S.W.2d at 480. If convicted of the present offense, Appellant would be subject to punishment by confinement in the Texas Department of Corrections for life or any term of not more than 99 years or less than 15 years. *See* TEX. HEALTH & SAFETY CODE ANN.

§ 481.112(f) (Vernon Supp.2000). In addition to imprisonment, Appellant may be punished by a fine not to exceed $250,000. *See id.*

■ We note that cases involving offenses based on the illegal manufacture, transportation and sale of large quantities of drugs give rise to special considerations and often justify high pre-trial bonds. Because drug-related activities usually require multiple transactions of a transitory nature, by the very nature of the operation, participants in the transport and sale of illegal drugs must be highly mobile. *See Ex parte Martinez–Velasco,* 666 S.W.2d 613, 616 (Tex.App.—Houston [1st Dist.] 1984, no pet.). Moreover, the large amount of cash required to effect these kinds of transactions suggests involvement of monied backers who may consider the cost of bail as a normal business expense, which they may be willing to forfeit and write off as one of the costs of operating this type of business. *See id.; Ex parte Willman,* 695 S.W.2d 752, 753 (Tex.App.—Houston [1st Dist.] 1985, no pet.). Thus, in cases involving large quantities of illegal drugs, a high bond may be required to assure the presence of the defendant at trial. *See id.; Martinez–Velasco* 666 S.W.2d at 616. Consequently, high pre-trial bonds have been upheld on numerous occasions for offenses involving possession of a large quantity of a controlled substance. *See e.g., Patterson v. State,* 841 S.W.2d 534 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd) (bond set at $150,000); *Ex parte Bonilla,* 742 S.W.2d 743 (Tex.App.—Houston [1st Dist.] 1987, no pet.) (bond set at $250,000); *Ex parte Willman,* 695 S.W.2d at 754 (bond set at $300,000); *Ex parte Mudragon,* 666 S.W.2d 617 (Tex. App.—Houston [1st Dist.] 1984, no pet.) (bond set at $250,000); *Ex parte Martinez–Velasco,* 666 S.W.2d at 617 (bond set at $375,000). In this case, the Appellant is charged with possession of a very large quantity of cocaine. The record reflects that the estimated street value of the 4.5

kilograms of cocaine seized from Appellant's residence is approximately $450,000.

Appellant also has a prior criminal record. He pled guilty to two prior felony offenses, both involving the possession of controlled substances.[1] In addition, although the record demonstrates that Appellant has been present for all of his court appearances to date, the evidence presented by the State also shows that for several weeks, Appellant evaded law enforcement officers, who were attempting to serve an arrest warrant on him for the present offense.

 Finally, the record shows that Appellant's assets and financial resources are limited. Appellant presented testimony that his family could post a maximum of $50,000 for his pre-trial bond. However, the ability of an accused to post bond is merely one factor to be considered in determining the appropriate bail. *See Ex parte Vance*, 608 S.W.2d 681, 683 (Tex. Crim.App. [Panel Op.] 1980). Simply because a defendant cannot meet the bond set by the trial court does not automatically render the bail excessive. "If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be completely eliminated, and the accused would be in the unique posture of determining what his bond should be." *Brown*, 959 S.W.2d at 372.

Based on this record, we are persuaded that the trial court could reasonably find that the nature of the offense charged, and the attendant circumstances, the evidence showing Appellant evaded law enforcement officers, and Appellant's prior felony offenses involving the possession of controlled substances warranted bail in the amount set. Although the Appellant demonstrated strong family and community ties and an apparent inability to post a pre-trial bond of $500,000, the trial court likely took these factors into account in reducing Appellant's bond from $1 million

to $500,000. Considering the entire record, we do not find that bail in this case was used as an instrument of oppression, nor do we find that the trial court abused its discretion in setting Appellant's bond at $500,000.

The trial court's habeas corpus judgment is affirmed.

---

1. In determining whether a bond reduction is justified, the trial court may consider the accused's prior felony convictions. *See Ex parte*

*Watson*, 940 S.W.2d 733, 735 (Tex.App.-Texarkana 1997, no pet.).