Affirmed and Opinion filed September 5, 2002









Affirmed and Opinion filed September 5, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00784-CR

NO. 14-02-00785-CR

NO. 14-02-00786-CR

____________

 

EX PARTE MATTHEW WAYNE TOMLINSON

 



 

On
Appeal from the 149th District Court

Brazoria County, Texas

Trial
Court Cause Nos. 39,735; 42,722; and 42,723

 



 

M E M O R A N D U M   O
P I N I O N

Appellant filed a pre-trial motion in the trial court seeking
a bond reduction in each of these cases. 
Appellant has been indicted for aggravated kidnapping and illegal
restraint in trial court cause number 39,735, and his bond is set at $100,000.  In trial court cause numbers 42,722 and
42,723, appellant has been indicted for aggravated kidnapping and aggravated
sexual assault of a different victim. 
Appellant=s bond has been set at $50,000 for each of these
offenses.  On July 9, 2002, the trial
court conducted a hearing on appellant=s motion for bond reduction.  At the conclusion of the hearing, the court
denied the motion, and appellant filed a written notice of appeal.  See Tex.
R. App. P. 31.1.  We affirm.








The primary purpose of an appearance bond is to secure the
presence of the accused at trial on the offense charged.  See Ex parte
Rodriguez, 595 S.W.2d 549, 550 (Tex. Crim. App.
[Panel Op.] 1980); Brown v. State, 11 S.W.3d 501, 502 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  Bail should be set high enough to give
reasonable assurance that the defendant will appear at trial, but it should not
operate as an instrument of oppression.  Ex parte Ivey, 594 S.W.2d 98, 99
(Tex. Crim. App. 1980); Ex parte
Vasquez, 558 S.W.2d 477, 479 (Tex. Crim. App.
1977).  The burden is on the
person seeking the reduction to demonstrate that the bail set is
excessive.  Ex parte Charlesworth, 600
S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980).  The decision regarding a proper bail amount
lies within the sound discretion of the trial court.  Brown, 11 S.W.3d at 502; Smith v.
State, 829 S.W.2d 885, 887 (Tex. App.CHouston [1st] 1992, pet. ref'd).

Article 17.15 of the Texas Code of Criminal Procedure sets
forth the following rules for fixing the amount of bail:

(1) The bail shall be sufficiently high to give
reasonable assurance that the undertaking will be complied with.

(2) The power to require bail is not to be so used as
to make it an instrument of oppression.  

(3) The nature of the offense and the circumstances
under which it was committed are to be considered.  

(4) The ability to make bail is to be regarded, and
proof may be taken upon this point. 

(5) The future safety of a victim of the alleged
offense and the community shall be considered. 


Tex. Code Crim. Proc.
Ann. Art. 17.15.

In addition to considering the rules contained in article
17.15, courts have held there are seven additional factors to be considered in
determining the amount of bond:  (1) the
defendant=s work record; (2) the defendant=s family and community ties; (3) the
defendant=s length of residency; (4) the
defendant=s prior criminal record; (5) the
defendant=s conformity with previous bond
conditions; (6) the existence of other outstanding bonds, if any; and (7)
aggravating circumstances alleged to have been involved in the charged
offense.  See Ex parte Rubac, 611 S.W.2d 848,
849‑50 (Tex. Crim. App. [Panel Op.] 1981).  








In reviewing the amount of bail set by the trial court, we
first consider the nature of the offenses and the circumstances under which
they were committed.  See
Ex parte Davila, 623 S.W.2d 408, 409‑10
(Tex. Crim. App. [Panel Op.] 1981).  In considering the nature of the offense, it
is proper to consider the possible punishment. 
Charlesworth, 600
S.W.2d at 317.  Our limited record
in this case reveals that appellant is charged in two separate abductions
involving different teenage victims, one of whom was sexually assaulted.  In trial court cause number 39,735, appellant
is charged with abducting the victim with the intent to sexually violate and
abuse her.  The second count of the
indictment alleges illegal restraint, and that the two counts constitute a Acriminal episode,@ as that term is defined in  section 3.01 of
the Texas Penal Code.  In trial court
cause number 42,722, appellant is charged with abduction of a different victim,
using a knife as a deadly weapon.  In
trial court cause number 42,723, appellant is charged with aggravated sexual
assault of the second victim, use of a knife during the commission of the
offense, and threatening to kill the victim. 
Each indictment contains an enhancement paragraph asserting that appellant
had been previously convicted of attempted murder.  Appellant faces life in prison if convicted
on these charges.

Next, we review appellant=s ability to post bail.  Appellant testified at the hearing that  he has no money
and has been unable to make his bond. 
His wife is ill with a heart condition, needs his assistance at home,
and is presently unable to work. 
Appellant testified he could borrow some money from family, but he
believed the most he could raise is about $5,000.  He requested that bond for all three cases be set at between $35,000 and $50,000.  The ability of an accused to post bail is a
factor to be considered, but the inability to make the bail set by the trial
court does not automatically render the bail excessive.  Ex parte
Vance, 608 S.W.2d 681, 683 (Tex. Crim. App.
[Panel Op.] 1980).  If the ability
to make bond in a specified amount controlled, the role of the trial court in
setting bond would be unnecessary and the accused would be able to set his own bond.  Ex parte Miller, 631 S.W.2d 825, 827 (Tex. App.CFort Worth 1982, pet. ref=d).








In reviewing the evidence of the other factors relevant to
setting bail, the testimony was that appellant had lived in Brazoria County for
Aa long time.@ 
His parents and a sister live in the county.  His wife, whom he married in April of 2000,
has lived in Brazoria County over thirty years. 
He testified that he had worked at an air conditioning and heating
company before going to jail and he thought he could Amaintain that type of employment@ if released from jail, subject to
caring for his wife=s medical needs.  

Appellant=s wife, Dale Tomlinson, also testified about her medical
problems and her need to have her husband at home to care for her.  She testified she has no savings or
investments.  She further testified that
all of her children live in Brazoria County, and she will never leave the
county.  She acknowledged that her
husband had spent Ajust ten years@ in the penitentiary for attempted
murder.  She also acknowledged that there
is an agreed preferential setting in December for trial of her husband=s cases.  On questioning from the court, she
acknowledged that her children come visit and are able
to check up on her.  

In reaching its decision, the trial court considered
appellant=s ability to make bond and his ties
to the community, but was persuaded by the Avery serious offenses,@ with Aperhaps some evidence of repeated
behavior.@ 
The court considered its obligation to consider the safety of the
community, and accordingly, refused to lower appellant=s bond.  

Based upon the record before this Court, we cannot say the
trial court abused its discretion in refusing to lower appellant=s bond.  The serious nature of the crimes, the
commission of multiple crimes, a potential life sentence, and appellant=s prior criminal record all weigh
heavily against any mitigating factors. 
We affirm the trial court=s denial of appellant=s motion for bond reduction.

PER CURIAM

 

Judgment rendered and Opinion
filed September 5, 2002.

Panel consists of Chief Justice
Brister and Justices Hudson and Fowler.

Do Not Publish C Tex. R. App. P. 47.3(b).