NO.
12-06-00312-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

DAIN JACKSON SAWYER,            §          APPEAL
FROM THE 420TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          NACOGDOCHES COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Dain Jackson
Sawyer appeals from a trial court order setting his bail at $150,000 and
imposing conditions on his release.  We
affirm.

 

Background

            In
December 2005, a Nacogdoches County grand jury indicted Appellant for the
felony offense of stalking.  Appellant
was arrested and posted bail.  A
condition of his release was that he was to have no contact with the
complaining witness.  In July 2006, the
State filed a motion to revoke Appellant’s bail.  The State alleged that Appellant had been
arrested for another offense while free on bail and that he had engaged in
conduct that the State believed showed that Appellant represented a threat to
the complaining witness or that Appellant intended to violate the no contact
order.

            Following
a hearing, the trial court granted the State’s motion in part and set bail in
the amount of $150,000.  Additionally,
the trial court placed conditions on Appellant’s release if he posted
bail.  This appeal followed.

Bail and
Conditions of Bail

            In
two issues, Appellant complains that the trial court abused its discretion when
it set bail in the amount of $150,000 and when it set strict conditions of
release. 

Standard of Review

            The
decision regarding the proper bail amount lies within the discretion of the
trial court. Tex. Code Crim. Proc. Ann.
art. 17.15 (Vernon 2006).  Therefore, we
review a trial court’s bail determination under an abuse of discretion
standard.  Ex parte Wood,
952 S.W.2d 41, 42 (Tex. App.–San Antonio 1997, no pet.).  In determining whether the trial court abused
its discretion, we do not substitute our judgment for that of the trial
court.  See Montgomery v.
State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).  Rather, we will find an abuse of discretion
only when a trial court acts without reference to any guiding rules or
principles and when its decision, under the circumstances, lies outside the
zone of reasonable disagreement.  See Casey
v. State, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); see also
State v. Herndon, 215 S.W.3d 901, 907–08 (Tex. Crim. App. 2007).

Applicable Law

            All
persons accused of a noncapital crime in Texas have a right to bail pending
trial.  Tex. Const. art. I, § 11; Tex. Code Crim. Proc. Ann. art. 1.07
(Vernon 2006).  Excessive bail is
prohibited by both the Eighth Amendment to the United States Constitution and
by article I, section 13 of the Texas Constitution.  U.S. Const.
amend. VIII; Tex. Const. art. I, §
13.  The primary purpose of bail is to
secure the presence of the accused at trial on the offense charged.  Ex parte Rodriguez, 595 S.W.2d
549, 550 (Tex. Crim. App. 1980).  While
bail should be sufficiently high to give reasonable assurances that the accused
will appear, the power to require bail should not be used as an instrument of
oppression.  Ex parte Ivey,
594 S.W.2d 98, 99 (Tex. Crim. App. 1980). 
The burden is on the appellant to show the bail amount is
excessive.  Ex parte Charlesworth,
600 S.W.2d 316, 317 (Tex. Crim. App. 1980).

            The
Texas Legislature has established the following factors to be considered by the
trial court in setting bail:

 

1              The
bail shall be sufficiently high to give reasonable assurance that the
undertaking will be complied with.

 

2.             The
power to require bail is not to be so used as to make it an instrument of
oppression.

 

3.             The
nature of the offense and the circumstances under which it was committed are to
be considered.

 

4.             The
ability to make bail is to be regarded, and proof may be taken upon this point.

 

5.             The
future safety of a victim of the alleged offense and the community shall be
considered.

 

 

Tex. Code
Crim. Proc. Ann. art.
17.15.  

            The
ability of an accused to post bail is merely one factor to be considered in
determining the appropriate bail.  Brown
v. State, 11 S.W.3d 501, 504 (Tex. App.–Houston [14th Dist.] 2000, no
pet.).  A defendant’s inability to secure
his release does not automatically render the bail excessive.  Id.  Other factors that may be considered include
aggravating factors involved in the offense along with the defendant’s (1) work
record, (2) family and community ties, (3) length of residency, (4) prior
criminal record, (5) conformity with previous bond conditions, and (6) other
outstanding bonds.  Ex parte Rubac,
611 S.W.2d 848, 849–50 (Tex. Crim. App. 1981); Ex parte Milburn,
8 S.W.3d 422, 425 (Tex. App.–Amarillo 1999, no pet.).  

Analysis

            Appellant
does not make an argument based on the Texas or U.S. constitutions.  Rather, he argues that the evidence is
insufficient to support the trial court’s decision to set bail in the amount of
$150,000 and to impose conditions on his release.  The trial court’s decision to raise the bail
and impose conditions of release is undergirded by two sets of facts.  The first set of facts revolves around an
incident where Appellant got into a scuffle with and attempted to flee from the
police in Austin, Texas following a traffic accident.  As part of that incident, which occurred
while he was free on bail, Appellant was arrested for the unlawful carrying of
an eleven inch knife, and for resisting arrest. 
One of the officers involved testified at the bail hearing, and a scale
picture of the knife was admitted into evidence.  

            The
second set of facts revolves around Appellant’s actions after his initial
arrest.  Both the complaining witness and
Appellant had been students at Stephen F. Austin University.  Both left the university after Appellant was
charged with stalking.  Later, both came
to be enrolled in the same community college in Austin, Texas, with Appellant enrolling
in classes on all three campuses of the community college.  Appellant also moved to an address within
fifteen miles of the complaining witness’s Austin home.  That address was available to Appellant
through a student directory. 

            At
issue is the meaning to be ascribed to the confluence of these events and
circumstances.  Appellant argues that
events and circumstances shown by the State do not prove that he had any
proclivity to harm the complaining witness or otherwise violate a court
order.  He did not contact the
complaining witness, and he argues that the circumstances which seem to suggest
he was following her were simply coincidental. 


            But
there is another set of inferences to be drawn from Appellant’s actions.  The trial court reasonably concluded that
Appellant’s actions, including moving across the state, enrolling at every
campus of a school the witness was attending, carrying a weapon, and being
unreasonable and belligerent to the police, when taken together, signaled a
gathering threat to the complaining witness. 
The trial court was able to observe Appellant as he testified about the
knife recovered from his vehicle and evaluate his story about how it was that
he came to be in such close proximity to the complaining witness some two hundred
miles from the situs of the indicted offense. 

            The
other factors for consideration of the amount of bail are not in serious
dispute.  Appellant did not have ties to
Nacogdoches County, a long work record, long term residency, a prior criminal
record, or a record with other bonds.  As
alleged in the indictment, the charged offense does not contain any
particularly aggravating factors, beyond the elements of the offense.  

            The
bail that was ultimately set is high, and Appellant testified that he could not
make a bail of more than $10,000. 
Appellant’s lack of connection to the community may support a bail in an
amount higher than he testified that he could post, if not the bail that was
actually set.  But this was not the
initial bail determination.  This bail
was set after the trial court heard evidence that convinced it that Appellant
presented a danger to the complaining witness and had committed two criminal
offenses while free on bail.  The trial
court was required to take the safety of the community and the complaining
witness into account when making a decision about the appropriate bail for the
case.  Tex.
Code Crim. Proc. Ann. art. 17.15(5). 
Ample evidence supported the trial court’s concern for the safety of the
complaining witness and its conclusion that Appellant had committed criminal
offenses while free on bail.  Under these
circumstances, Appellant has not shown that the trial court abused its
discretion when it raised the bail to $150,000. 
We overrule Appellant’s first issue.

            We
reach the same conclusion with respect to the conditions placed on Appellant’s
release.  Specifically, the trial court
ordered that Appellant was to be restricted to his mother’s house, with an
electronic monitor, if he was able to post bail.  In his one sentence argument, Appellant
states that these conditions would prevent him from earning a living or
attending college and argues that there is no proof in the record that he is a
threat to the complaining witness or the public.

            A
trial court may impose any reasonable condition of bail related to the safety
of a victim of the alleged offense or to the safety of the community.  Tex.
Code Crim. Proc. Ann. art. 17.40(a) (Vernon 2006).  Furthermore, electronic monitoring and home
confinement are expressly permitted by statute. 
Tex. Code Crim. Proc. Ann.
art. 17.44(a)(1) (Vernon 2006).

            As
we explained previously, the trial court was not required to accept Appellant’s
argument that the confluence of events in Austin should be considered in
isolation and without application of common sense.  The trial court was convinced that Appellant
presented some danger to the complaining witness or the community.  In balancing that concern with Appellant’s
right to bail, the trial court fashioned a remedy where a relatively high bail was
set, with conditions on Appellant’s liberty should he be released.  This was a reasonable conclusion within the
discretion afforded to the trial court. 
Appellant himself had suggested electronic monitoring, and he had
committed two criminal offenses while free on bail.  We overrule Appellant’s second issue.

 

Disposition

We affirm the judgment
of the trial court.

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion
delivered April 30, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(DO NOT PUBLISH)