Affirmed and Memorandum Opinion filed October 7, 2008








 Affirmed
and Memorandum Opinion filed October 7, 2008.

 

 

In The

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00172-CR

____________

 

ANGEL SOLIZ, SR.,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
248th District Court

Harris County, Texas

Trial Court Cause No.
1149949

 



 

M E M O R A N D U M   O P I N I O N

Appellant is charged with the manufacture or delivery of a
controlled substanceCcocaineCweighing at least
400 grams.  The trial court originally set bail at $5,000,000.  Appellant filed
an application for writ of habeas corpus requesting a reduction in bail to a
reasonable amount, which appellant stated in the application would be $20,000.
After conducting a hearing, the trial court reduced appellant=s bail to
$2,000,000.  Appellant filed this appeal.








Appellant claims the trial court abused its discretion in
setting the amount of bail at $2,000,000 and requests it be reduced to an
amount no greater than $175,000.  The burden of proof is on the defendant to
show bail is excessive.  Ex parte Rodriguez, 595 S.W.2d 549, 550 (Tex.
Crim. App. 1980).  In reviewing bond settings on appeal, we reverse a lower
court's determination only if we find an abuse of discretion.  Tex. Code  Crim. Proc. Ann. art.
17.15.  The amount of bail required in any case is within the discretion of the
court subject to the following rules:

1.  The bail shall be sufficiently high to give reasonable assurance
that the undertaking will be complied with.

2.  The power to require bail is not to be so used as to make it an
instrument of oppression.

3.  The nature of the offense and the circumstances under which it was
committed are to be considered.

4.  The ability to make bail is to be regarded, and proof may be taken
upon this point.

5.  The future safety of a victim
of the alleged offense and the community shall be considered.

Id.    In
addition, we consider the accused=s work record,
family and community ties, length of residency, prior criminal record (if any),
and any alleged aggravating circumstances.  Ex parte Rubac, 611 S.W.2d
848, 849B50 (Tex. Crim.
App. 1981).  

Appellant did not testify at the hearing.  John Schwartz,
an agent with the Drug Enforcement Administration, testified as follows:

!       Appellant, appellant=s son, Angel Soliz, Jr. (ASon@), and other men were arrested after they tried to
sell 29.678 kilograms of cocaine to a confidential informant.

!       Appellant arrived at the home in which the
narcotics transaction was to occur driving a Abrand new Dodge F250 super crew diesel truck@ worth  $53,000.  The papers in the
vehicle indicated that it recently had been purchased by the Son.

!       When the cocaine was presented to the
confidential informant, appellant indicated to the informant that he could get
25 more kilograms of cocaine to sell to the informant, if the informant was
interested.








!       The current wholesale price for a kilogram of
cocaine in Houston is $16,000.  The price for a gram of cocaine on the streets
is $120.

!       The amount of cocaine involved in this case
indicates a more Ahigh-level drug trafficking . . .@

!       The cocaine
seized in this case, if sold in bulk quantities, would be worth approximately
$500,000; if sold by the gram, it would be worth more than $3,000,000.   

Rick Mendez, an employee of Access Bail Bonds Services,
testified as follows:

!       Appellant has employment at AMillenium Transportation Company@ where he buys and sells vehicles.

!       Appellant also has a detail shop.

!       Mendez does not know what kind of work
appellant will be doing if he is able to post bond.

!       One individual is willing to pledge property
as collateral for appellant=s bond and 19 of appellant=s family members are willing to co-sign as guarantors of
appellant=s bond.  Based on this collateral,
these guarantors, and appellant=s long-standing ties to the Houston community, Mendez has determined
that a total bond of $175,000 can be posted for appellant and his Son.

!       Though Mendez has spoken to relatives of
appellant and his Son, he has not spoken with appellant or his Son.

!       Mendez has
no idea what funds appellant and his Son have available to them in bank
accounts.  Mendez has no idea what assets appellant and his Son have.

       Nature
of the Offense and Circumstances Under Which it Was Committed








The indicted offense is the manufacture or delivery of a
controlled substanceCcocaineCweighing at least
400 grams.  The record reflects that appellant did not resist arrest and that
he was not armed when arrested.  Nonetheless, the charged offense is a serious
one, the alleged delivery of 29.678 kilograms of cocaine.   This offense is
punishable by imprisonment in the Institutional Division of the Texas
Department of Criminal Justice for life or for a term of years of not more than
99 years or less than 15 years and a fine not to exceed $250,000. Tex. Health & Safety Code Ann.
481.112(f) (Vernon 2003).  Cases involving offenses based on the illegal
manufacture, transportation and sale of large quantities of narcotics give rise
to special considerations and often justify high pre‑trial bonds.  Brown
v. State, 11 S.W.3d 501, 502 (Tex. App.CHouston [14th
Dist.] 2000, no pet.). Because narcotics‑related activities usually
require multiple transactions of a transitory nature, by the very nature of the
operation, participants in the transport and sale of illegal narcotics must be
highly mobile.  See id.   Moreover, the large amount of cash required to
effect these kinds of transactions suggests involvement of monied backers who
may consider the cost of bail as a normal business expense, which they may be
willing to forfeit and write off as one of the costs of operating this type of
business.  See id.  Thus, in cases involving large quantities of illegal
narcotics, a high bond may be required to assure the presence of the defendant
at trial.  See id.  Consequently, high pre‑trial bonds have been
upheld on numerous occasions for offenses involving possession of a large
quantity of a controlled substance.  See e.g., Ex parte Gunter, No.
05-04-00640-CR, 2004 WL 1632803, at *3 (Tex. App.CDallas July 22,
2004, no. pet.) (affirming $1,000,000 bond in case in which defendant was
charged with possession with intent to deliver 1.5 kilograms of
methamphetamine); Ex parte Pequeno-Flores, No. 01-03-00523-CR, 2003 WL
22682520, at *3 (Tex. App.CHouston [1st Dist.] Nov. 10, 2003, no.
pet.) (affirming $1,500,000 bond in case in which defendant was charged with
possession of at least 400 grams of cocaine in case in which the total quantity
of cocaine involved in the incident weighed more than 55 kilograms); Brown,
11 S.W.3d at 504 (affirming $500,000 bond where defendant charged with
possession with intent to distribute 4.5 kilograms of cocaine); Ex parte
Reyes, 4 S.W.3d 353, 356 (Tex. App.CHouston [1st
Dist.] 1999, no pet.) (affirming $3,000,000 bond where defendant charged with
possession with intent to deliver 721 kilograms of cocaine); Maldonado v.
State, 999 S.W.2d 91, 98 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d) (affirming $2,500,000 bond where
defendant charged with possession with intent to deliver 400 or more grams of
cocaine).








                       Bail Sufficient to Assure
Appearance but not Oppress

The record contains evidence that appellant is involved in
serious narcotics trafficking, and that, along with others, he delivered almost
30 kilograms of cocaine, worth more than $3,000,000 if sold on the street in
grams and worth approximately $500,000 if sold in kilograms.  Evidence in the
record also demonstrates that appellant had access to another 25 kilograms of
cocaine.  Appellant was driving a vehicle worth $53,000.   Appellant also
apparently owns a car-detailing business and works at a company that buys and sells
vehicles.  The record does not reflect the value of this business or the amount
of appellant=s income from this employment.  In any event, the
record reflects that, if found guilty, appellant would face imprisonment for a
significant period of time, up to and including a life sentence.  There is
evidence appellant was born in Houston and has lived in the Houston area his
entire life.  There is also evidence that he has four children and many family
members in the Houston area.  Nonetheless, the evidence supports a finding that
appellant is a significant flight risk based on his alleged involvement in
serious narcotics trafficking, apparent access to assets having a total value
of millions of dollars, and the possibility that, if convicted, he might
receive a life sentence.  On this record, the trial court reasonably could
conclude that bail of $2,000,000 is not higher than necessary to give
reasonable assurance of compliance with the undertaking and that this bail is
not oppressive.

                                                Ability
to Make Bail








The trial court reasonably could have concluded that
appellant did not prove that he is unable to make bail at $2,000,000. 
Appellant is employed and owns a business.  The amount of cocaine involved in
the charged offense is 29.678 kilograms, and the evidence indicates appellant
has access to another 25 kilograms of cocaine.  The evidence indicates that the
combined value of this cocaine is approximately $875,000 if sold by the
kilogram and more than $6,500,000 if sold by the gram.  Mendez did not speak with
appellant or have access to information showing his assets or income.  Mendez
based his bail projection on the collateral and guarantees that people other
than appellant allegedly agreed to provide.  There is no evidence from the
hearing that, considering appellant=s economic
resources, he is unable to post bail at $2,000,000.  

                                                  Future
Safety of the Community

Appellant=s alleged involvement in serious
narcotics trafficking shows that, if free on bond pending trial, he might
endanger the future safety of the community, especially in light of his
statement that he has access to an additional 25 kilograms of cocaine that was
not seized when he was arrested in this case.

                                                                  Other
Factors

Mendez testified that appellant owns a car-detailing
business and works at a company that buys and sells vehicles, but there is no
additional evidence regarding the nature of that employment or business.  The
record contains evidence showing appellant was born in Houston, has lived in
the Houston area his entire life, and has four children and many other family
members in the Houston area.  Appellant has a prior federal conviction relating
to marijuana that is not well-described in the record.  Apparently, appellant
posted bond in that proceeding, showed up at all required hearings, was
convicted, and surrendered to serve his sentence.  However, appellant=s satisfaction of
the bond conditions in this prior case does not mandate a conclusion that he is
not a flight risk or that he will satisfy the conditions of a $175,000 bond in
this case.    

                                                        Conclusion








Based on these factors, we conclude that
the trial court did not abuse
its discretion in setting the amount of bail at $2,000,000 and in concluding that
appellant did not show that bail in this amount is excessive.  Accordingly, we
overrule appellant=s point of error and affirm the trial
court=s judgment. 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered and
Memorandum Opinion filed October 7, 2008.

Panel consists of
Justices Anderson, Frost, and Hudson.*

Do not publish C Tex. R. App.
P. 47.2(b).









*  Senior Justice J. Harvey Hudson sitting by
assignment.