*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00664-CR

**EX PARTE** Steven **VESELKA**

From the 216th Judicial District Court, Bandera County, Texas
Trial Court No. CR-08-126
Honorable Stephen B. Ables, Judge Presiding

Opinion by: Alma L. López, Chief Justice

Sitting: Alma L. López, Chief Justice
   Sandee Bryan Marion, Justice
   Rebecca Simmons, Justice

Delivered and Filed: November 19, 2008

AFFIRMED

Steven Veselka is charged with the capital murder of a child left in his care. Veselka appeals the trial court's order lowering his bond from $1,000,000 to $750,000, asserting that the lowered amount is still excessive. We affirm the trial court's order.

The primary purpose of an appearance bond is to secure the presence of the accused at the trial on the charged offense. *Brown v. State*, 11 S.W.3d 501, 502 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Ex parte Milburn*, 8 S.W.3d 422, 424 (Tex. App.—Amarillo 1999, no pet.). A person seeking a reduction in bond has the burden of showing that the amount set is excessive. *Brown*, 11 S.W.3d at 502; *Ex parte Chavfull*, 945 S.W.2d 183, 186 (Tex. App.—San Antonio 1997, no pet.).

The decision regarding a proper bail amount lies within the sound discretion of the trial court. *Brown*, 11 S.W.3d at 502; *Ex parte Milburn*, 8 S.W.3d at 424.

Article 17.15 of the Texas Code of Criminal Procedure sets forth the following rules for fixing the amount of bail:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be used to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of the victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (Vernon 2005). The following factors should also be weighed in determining the amount of bond: (1) the accused's work record; (2) the accused's family and community ties; (3) the accused's length of residency; (4) the accused's prior criminal record, if any; (5) the accused's conformity with the conditions of previous bond; (6) the existence of outstanding bonds; and (7) aggravating circumstances alleged to have been involved in the offense. *Brown*, 11 S.W.3d at 503.

In considering the need for a sufficient bail to ensure compliance, the trial court was required to take into consideration that Veselka lied to police regarding his identity when questioned on the day of the offense. Veselka's mother, who was present at the scene, did not correct the misidentification. In addition, when an investigating officer contacted Veselka approximately one week before the indictment was returned, Veselka provided the officer with a San Antonio address

even though Veselka was arrested at his parents' home in Kerrville where apparently he was living. Finally, the day before he was arrested, Veselka told a friend that he planned to move to Costa Rica within sixty days. This conversation occurred after Veselka's attorney called law enforcement officials to inquire about the reason they were attempting to contact his client.

Although bail may not be used as an instrument of oppression, Veselka's parents testified that they had "more or less" always supported Veselka financially. Veselka's parents had been unsuccessful in obtaining a loan to pay a cash deposit for a bond; however, Veselka's mother owned a 190 acre ranch that could be used as collateral in lieu of the cash deposit. Veselka's parents also owned their home and several rental properties. This same evidence also must be considered with regard to Veselka's ability to make bail; however, "[s]imply because a defendant cannot meet the bond set by the trial court does not automatically render the bail excessive." *Brown*, 11 S.W.3d at 504.

Veselka is charged with capital murder which is punishable by life in prison or death. TEX. PEN. CODE ANN. § 12.31, 19.03 (Vernon Supp. 2008). Veselka admitted that he was alone with the victim and his three-year-old sister at the time of the injury. Veselka gave different versions of how the victim was hurt, including hitting his head on a table. The victim's three-year-old sister stated that Veselka hurt the victim. A neighbor heard a baby screaming and several loud thuds that sounded like cement sacks being dropped about 2:30 p.m. on the date of the offense. Although the neighbor knocked on Veselka's door, he did not answer. One of the doctors who reviewed the reports stated that the neighbor's testimony was consistent with the probable timing of the child's fatal injury. The doctor stated that the injuries were so severe that the child would have been immediately blind and immediately incapacitated and anyone would have immediately noticed it.

Finally, although Veselka and his parents had lived in Kerrville and the surrounding counties for approximately twenty-five years, Veselka had primarily lived with his parents or in one of their rental houses. Veselka's father testified that most of the time Veselka does not have a job, so Veselka's parents financially support him. At the time of the offense, Veselka had an active warrant for an undisclosed offense. In addition, testimony at the bond hearing alluded to another possible offense that occurred in January of 2008. Finally, in addition to Veselka's failure to properly identify himself on the day of the offense, Veselka's mother had cleaned the crime scene before the officers were able to return later that day or the next day to gather evidence.

Veselka argues that the facts in his case are similar to another reported case in which the court of appeals reduced the amount of bail from a $2,000,000 surety bond or $500,000 cash bond to $100,000. *See Ex parte Milburn*, 8 S.W.3d at 423, 427. In that case, however, the appellant made arrangements to surrender himself. *See id*. at 426. In our case, Veselka misidentified himself on the day of the offense and provided a San Antonio address when contacted one week prior to his arrest even though he apparently was living with his parents in Kerrville. In addition, the appellant in the reported case had been employed prior to his arrest, was paying child support, and could return to his employment if released. *See id*. at 426. Veselka has never obtained steady employment and is financially supported by his parents.

In view of the evidence presented, we cannot conclude that the trial court abused its discretion in only reducing the bail to $750,000. The trial court's order is affirmed.

Alma L. López, Chief Justice

DO NOT PUBLISH