*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

## MEMORANDUM OPINION

No. 04-08-00553-CR

**EX PARTE** Darrell Wayne **WILSON**

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-7353
Honorable Laura L. Parker, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed:    February 11, 2009

AFFIRMED

Darrell Wilson was arrested and charged with murder, a first degree felony. *See* TEX. PENAL CODE ANN. § 19.02(c) (Vernon 2003). Wilson was a juvenile at the time of the alleged offense, but was certified as an adult for purposes of trial. Wilson filed an application for writ of habeas corpus seeking a reduction in his pretrial bail from the original amount of $250,000 to $50,000. The trial court granted partial relief following a hearing, reducing Wilson's bail to $200,000. Wilson appeals, asserting that the lowered amount violates the constitutional and statutory prohibitions against excessive bail. *See* U.S. CONST. amends. VIII, XIV; TEX. CONST. art. I, §§ 11, 13; TEX. CODE CRIM. PROC. ANN. arts. 1.09, 17.15 (Vernon 2005). We affirm the trial court's order.

"The primary purpose or object of an appearance bond is to secure the presence of a defendant in court for the trial of the offense charged." *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980). Courts should not set bail so high as to be oppressive, but should set bail high enough to provide reasonable assurance that the defendant will appear at trial. *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980). The burden of proof is on the defendant to show that the bail set is excessive. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981). The decision regarding a proper bail amount lies within the sound discretion of the trial court. *Brown v. State*, 11 S.W.3d 501, 502 (Tex. App.—Houston [14th Dist.] 2000, no pet).

When reviewing bail settings, courts are guided by article 17.15 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15. Article 17.15 provides:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

*Id.* In addition, courts may give consideration to the defendant's work record, family and community ties, length of residency, prior criminal record, conformity with previous bond conditions, the existence of outstanding bonds, and any aggravating factors involved in the charged offense. *Ex parte Rubac*, 611 S.W.2d at 849-50. Considering these factors in light of the record before us, we cannot say the trial court abused its discretion by reducing Wilson's bail from $250,000 to $200,000.

The evidence related to the first factor reveals that Wilson lacks strong family and community ties to Bexar County, Texas. Wilson testified that he is a lifelong resident of Guadalupe County and attends high school in that community. Wilson's mother confirmed that Wilson resides with her in Guadalupe County.

Concerning the second factor, "[b]ail set in a particular amount becomes 'oppressive' when it is 'based on the assumption that [the accused cannot] afford bail in that amount and for the express purpose of forcing [the accused] to remain incarcerated pending [trial].'" *Richardson v. State*, 181 S.W.3d 756, 759 (Tex. App.—Waco 2005, no pet.). The record contains nothing to indicate that the trial court rendered its decision on this basis, especially since the court reduced bail from $250,000 to $200,000. Moreover, it does not appear that $200,000 is an excessive bail amount for a murder charge. The intermediate appellate courts of this state have often concluded that bail ranging from $200,000 to $250,000.00 for a murder charge is not excessive. *See, e.g., Ex parte McBride*, No. 12-07-00241-CR, 2007 WL 4216370, *2-3 (Tex. App.—Tyler Nov. 30, 2007, no pet.) (mem. op.) (not designated for publication) (analyzing various appellate court decisions and concluding bail of $250,000 for first degree murder charge was not excessive); *Richardson*, 181 S.W.3d at 759-60 (determining that bail of $200,000 was not excessive for murder charge because offense appeared premeditated and appellant posed a flight risk and danger to her children); *Ex parte McFarland*, No. 04-03-00154-CR, 2003 WL 21658599, *3 (Tex. App.—San Antonio July 16, 2003, no pet.) (mem. op.) (not designated for publication) (determining that bail of $500,000.00 for murder charge was excessive and lowering bail to $250,000.00); *Ex parte Lebron*, No. 04-97-00087-CR, 1997 WL 311488, *1-2 (Tex. App.—San Antonio June 11, 1997, no pet.) (not designated for publication)

(determining that bail of $250,000.00 for murder charge was not excessive because of the violent nature of the crime and appellant's criminal history and lack of ties to the community).

As for the third factor, Wilson is charged with murdering Robert Perales by stabbing him with a knife. Murder carries a potential maximum sentence of life imprisonment and a fine of up to $10,000. TEX. PEN. CODE ANN. §§ 12.32, 19.02(c) (Vernon 2003). The evidence shows Perales was stabbed four times and that the homicide was gang related. The record further suggests that Wilson did not kill Perales in an act of self defense. According to witness statements, Wilson and his associates provoked the fight that resulted in Perales's death. In addition, witnesses indicate that Perales was observed "getting jumped by five black males" prior to his death.

With respect to the fourth factor, the record shows that Wilson lacked any valuable property. Although the record indicates Wilson's mother attempted to exhaust all of her available resources to help her son make bail, it is unclear from the record whether Wilson's father attempted to exhaust all of his available resources as well.

Regarding the last factor, the record evidence suggests Wilson poses a threat to the community. Although Wilson appears to have no prior convictions for serious crimes, the State's evidence shows that Wilson is allegedly affiliated with a street gang. In addition, the record shows Wilson stabbed his victim at a community carnival in the presence of the general public.

We conclude that bail in the amount of $200,000.00 was supported by the evidence. Consequently, we hold the trial court did not abuse its discretion under the circumstances presented. Wilson's appellate complaints are therefore overruled, and we affirm the trial court's order.

Catherine Stone, Chief Justice

Do not publish