**Ex parte Glenn BRANCH.**

**No. 54853.**

Court of Criminal Appeals of Texas.

July 13, 1977.

Joseph C. Hawthorn, Beaumont, for appellant.

## OPINION

DAVIS, Commissioner.

Appeal is taken from an order entered in a habeas corpus proceeding in the Criminal District Court of Jefferson County denying the relief requested.

Appellant contends that the court erred in (1) not ordering the release of appellant for lack of probable cause to believe an offense had been committed and (2) in not reducing the amount of bail.

The record reflects that appellant had been charged by complaint in the Justice Court, Precinct No. 2, Place No. 2, Jefferson County, with the offense of possession of heroin alleged to have occurred on or about February 4, 1977, and bond had been set at $500,000.00.

██ It has been duly brought to our attention that the appellant is now under indictment for said offense. The return of an indictment establishes probable cause as a matter of law. Therefore, the question of probable cause to hold appellant has been rendered moot. *Ex parte Preston*, Tex.Cr. App., 533 S.W.2d 820; *Ex parte Sellers*, Tex.Cr.App., 516 S.W.2d 665; *Ex parte White*, Tex.Cr.App., 486 S.W.2d 301.

██ The return of an indictment does not render moot an appeal from a habeas corpus proceeding to set or reduce the amount of bail. *Ex parte Johnston*, Tex.Cr. App., 533 S.W.2d 349.

The only evidence offered by the State was a stipulation that appellant had three other cases pending against him, two charging him with the offense of possession of heroin and one case charging him with aggravated assault on a peace officer; that appellant had posted bonds in the total amount of $200,000.00 in those cases; that an examining trial had been conducted in the Justice Court, bond was set at $500,-000.00 and appellant was in custody of the Sheriff of Jefferson County in lieu of posting such bond; that the "substance in question was in fact heroin"; and the transcript of the examining trial is in evidence as part of the record at this hearing. A review of the record made at the examining trial reflects that testimony offered therein relates to the matter of probable cause.

Dinah Mae Branch, wife of appellant, testified that she had contacted three bondsmen and was advised that the fee for making a $500,000.00 bond was $50,000.00. She stated that their home in which they had two thousand dollars' equity had been deeded to a prior bondsman. They owned three cars, a 1976 Cadillac worth ten thousand dollars with a lien against it for six thousand dollars, a 1976 Ranchero which had an amount owing on it equal to its value, and a 1974 Mustang worth $2,500.00 that was debt-free. Mrs. Branch further testified that there were three or four hundred dollars in a checking account and about five or six thousand dollars in a savings account. Appellant had worked for Gulf Oil Corporation for about twenty-three years prior to his suspension from that company and owned eighty-five shares of stock worth thirty dollars a share. Prior to his arrest for this offense, Mrs. Branch stated that appellant had been working for his father in a store for five hundred dollars a month. She estimated that living expenses were approximately $685.00 a month.

■ The ability or inability to make bond does not, alone, control in determining the amount of bail; however, it is a factor to be considered along with others set out in Art. 17.15, V.A.C.C.P. *Ex parte Runo*, Tex.Cr.App., 535 S.W.2d 188; *Ex parte Clark*, Tex.Cr.App., 537 S.W.2d 40; *Ex parte McClellan*, Tex.Cr.App., 545 S.W.2d 483. While bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with, the power to require bail is not to be used so as to make it an instrument of oppression. *Ex parte Bufkin*, Tex.Cr.App., 553 S.W.2d 116 (1977).

■ We hold that under the circumstances of this case the bail of $500,000.00 is excessive and it is hereby reduced and set in the sum of $20,000.00.

It is so ordered.

Opinion approved by the Court.