NUMBERS 13-99-713-CR and 13-99-714-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 ___________________________________________________________________ 



RALPH MARSHALL MCGILL , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 


On appeal from the 24th District Court

of Calhoun County, Texas.

____________________________________________________________________ 



O P I N I O N

Before Chief Justice Seerden and Justices Dorsey and Kennedy(1)

Opinion by Justice Kennedy

 

 This appeal is from the trial court's denial of a bail bond reduction sought in a case where the indictment alleges two
counts, one of aggravated sexual assault, and one of indecency with a child. The amount of the bond had been set at
$100,000 on each count.(2)

 Following a hearing on a motion to reduce bond, the trial court refused to reduce the amount of the bond. 

 The state has filed a letter herein to notify the court that appellant has made bond and to state that the appeal is now moot.
Appellant has filed a letter brief which challenges the assertion by the state that the matter is now moot. In his letter brief,
appellant cites Ex Parte Branch, 553 S.W.2d 380 (Tex. Crim. App. 1977), which is puzzling in that he states in his brief
that the case holds that "in making bail the appellant rendered the issue of the reasonableness of the amount of bond moot."
Actually, Branch holds, to the contrary, that the return of an indictment rendered the question of probable cause to hold the
petitioner moot but that the indictment does not render moot the appeal from a habeas corpus proceeding to reduce the
amount of bail. In Branch the court of criminal appeals reduced the amount of bail from $500,000. to $20,000. 

 In the case before us, we do not consider the amount of bail to be excessive at $200,000 for two counts alleging crimes of
this nature. The court heard evidence that appellant has an income of $54,000 per year; owns a ranch, a beach house, and
six acres on Lake Livingston; and has applied for a passport in order to travel abroad. Appellant has other charges pending
against him. 

 Based upon the facts and circumstances of this case, we do not think the amount of bail required herein is excessive. We
deny appellant's request that we vacate the trial court's order herein. WE AFFIRM. 

NOAH KENNEDY 

Retired Justice 



Do not publish . 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this the 19th day of October, 2000. 

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. The testimony shows two bonds at $100,000 each. Appellant's motion for reduction alleges only one cause number and
states the bail is $100,000. He refers to one indictment with two counts. We treat the matter as involving bonds totaling
$200,000.