COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-04-058-CR
2-04-059-CR
2-04-060-CR
2-04-061-CR
2-04-062-CR
 
  
EX PARTE
 
  
ROBERT TERRY HUNT
 
 
------------
 
FROM THE 371ST DISTRICT COURT OF 
TARRANT COUNTY
 
------------
 
OPINION
 
------------
        This 
is an appeal from the denial of habeas corpus relief requesting bond 
reduction.  In two points, appellant Robert Terry Hunt complains that the 
trial court erred by refusing to reduce his bail because the amounts were 
excessive and the evidence was insufficient to sustain the amounts.  We 
affirm.
Facts
        In 
January 2004, appellant was indicted for four capital murder offenses and the 
separate offense of conspiracy to commit a murder that occurred in 1979.  
The trial court set bond at $750,000 (capital murder of Cecil Lancaster during 
the course of a robbery in cause 0911239D); $500,000 (capital murder of 
Geraldine Lancaster during the course of a robbery in cause 0919127D); $500,000 
(capital murder for hire of Cecil and Geraldine Lancaster by employing H. Pelayo 
in cause 0919128D); $500,000 (capital murder for hire of Cecil and Geraldine 
Lancaster by employing E. Harris in cause 0919129D); and $250,000 (conspiracy to 
commit the murder of Cecil Lancaster in cause 0919139D). Appellant challenged 
the amount of the bonds at a habeas corpus hearing.
        At 
the hearing, appellant’s sister, Judy Davis, testified on his behalf.  
Davis testified that appellant was in poor health and suffered from a tail bone 
injury, high blood pressure and an erratic heartbeat.  She stated that 
appellant lives in Hobbs, New Mexico and works as a truck driver for her 
husband’s business.  Appellant did not have the money to pay the current 
bonds himself, nor would he be able to pay a reduced bond.  Davis and her 
husband could post the bonds if they were reduced to $10,000 in each case.  
The trial court denied bail reduction in all cases.  Appellant remains 
confined in the Tarrant County Jail pending this appeal.
Discussion
        “‘Bail’ 
is the security given by the accused that he will appear and answer before the 
proper court the accusation brought against him, and includes a bail bond or a 
personal bond.”  Tex. Code Crim. 
Proc. Ann. art. 17.01 (Vernon 1977).  “A ‘bail bond’ is a 
written undertaking entered into by the defendant and his sureties for the 
appearance of the principal therein before some court or magistrate to answer a 
criminal accusation.”  Id. art. 17.02.  Article 17.15 of the 
Texas Code of Criminal Procedure provides a statutory framework for setting a 
defendant's bond:

1. The 
bail shall be sufficiently high to give reasonable assurance that the 
undertaking will be complied with.
2. The 
power to require bail is not to be so used as to make it an instrument of 
oppression.
3. The 
nature of the offense and the circumstances under which it was committed are to 
be considered.
4. The 
ability to make bail is to be regarded, and proof may be taken upon this point.
5. The 
future safety of a victim of the alleged offense and the community shall be 
considered.

Id. art. 17.15 
(Vernon Supp. 2004).
        We 
review the trial court's denial of a bond reduction request under an abuse of 
discretion standard.  See Ex parte Rubac, 611 S.W.2d 848, 850 (Tex. 
Crim. App. [Panel Op.] 1981); Ex parte Brown, 959 S.W.2d 369, 372 (Tex. 
App.—Fort Worth 1998, no pet.); see also Tex. Code Crim. Proc. Ann. art. 17.15 
(giving trial court discretion to set amount of bond); Short v. State, 
923 S.W.2d 168, 168-69 (Tex. App.—Fort Worth 1996, no pet.) (applying abuse of 
discretion standard to review of trial court’s decision to deny bail under 
former code of criminal procedure article 44.04(g) (now 44.04(c)).  To 
determine whether a trial court abused its discretion, we must decide whether 
the trial court acted without reference to any guiding rules or principles; in 
other words, whether the act was arbitrary or unreasonable.  Montgomery 
v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).  Merely because a 
trial court may decide a matter within its discretion in a different manner than 
an appellate court would in a similar circumstance does not demonstrate that an 
abuse of discretion has occurred.  Id.
        The 
primary purpose of an appearance bond is to secure the presence of the defendant 
at trial on the offense charged.  Ex parte Vasquez, 558 S.W.2d 477, 
479 (Tex. Crim. App. 1977); Ex parte Scott, 122 S.W.3d 866, 868 (Tex. 
App.—Fort Worth 2003, no pet.).  Bail should be set high enough to give 
reasonable assurance that the defendant will appear at trial, but it should not 
operate as an instrument of oppression.  Scott, 122 S.W.3d 
868.  In a habeas proceeding, appellant bears the burden of proof to show 
that the bail, as set, is excessive.  Rubac, 611 S.W.2d at 849.
        Additionally, 
in determining the amount of the bond, the court should also consider factors 
such as the accused's work record, family ties, length of residency, prior 
criminal record, conformity with the conditions of any previous bond, the 
existence of outstanding bonds, and any aggravating circumstances alleged to 
have been involved in the charged offense.  Id. at 849-50; Brown, 
959 S.W.2d at 372.  The accused’s potential sentence and the nature of 
the crime are also primary factors to be considered.  Hughes v. State, 
843 S.W.2d 236, 237 (Tex. App.—Houston [14th Dist.] 1992, no pet.)
Nature of the Offense
        The 
nature of the offense and the circumstances surrounding the offense are 
significant factors in determining what constitutes reasonable bond.  Tex. Code Crim. Proc. Ann. art. 
17.15(3); see Ex parte Davila, 623 S.W.2d 408, 410 (Tex. Crim. App. 
[Panel Op.] 1981).  In considering the nature of the offense, it is proper 
to consider the possible punishment. Vasquez, 558 S.W.2d at 479-80.
        Here, 
appellant is charged with four different capital murder offenses and the 
separate offense of conspiracy to commit murder.  See Tex. Penal Code Ann. § 15.02 (Vernon 
2003), § 19.03 (Vernon Supp. 2004).  Although the circumstances 
surrounding the offenses were not developed at the habeas hearing, capital 
murder during the commission of a robbery, capital murder for hire, and 
conspiracy to commit murder are all violent crimes.  Capital murder is 
punishable by death or imprisonment for life. Id. § 19.03(b).  When 
such severe punishment is a possibility, bail must be sufficient to secure the 
presence of the defendant at trial.  Ex parte Hulin, 31 S.W.3d 754, 
760 (Tex. App.—Houston [1st Dist.] 2000, no pet.).  Given the 
serious nature of the offenses and the potential for a lengthy sentence, the 
trial court could properly have concluded that the amounts of the bonds were 
reasonable.  See Scott, 122 S.W.3d at 869-70.
Ability to Make Bond
        When 
determining the appropriate amount of bond, the trial court may also consider 
the accused’s ability to make bond.  Tex. Code Crim. Proc. Ann. art. 
17.15(4); Scott, 122 S.W.3d at 870.  At the bond hearing, Davis was 
the only witness to testify and she testified about appellant’s inability to 
make bond.  She stated that she and her husband had the ability to pay a 
reduced bond on behalf of appellant.  However, appellant introduced no 
evidence supporting Davis’s claim that appellant was unable to make the bonds 
or that he had made any efforts himself to secure any bonds that were denied.
        The 
ability or inability of an accused to make bail does not alone control in 
determining the amount of bail.  Ex parte Branch, 553 S.W.2d 380, 
382 (Tex. Crim. App. 1977).  If the ability to make bond in a specified 
amount controlled, then the role of the trial court in setting bond would be 
completely eliminated, and the accused would be in the position to determine 
what his bond should be.  Id.; Ex parte Miller, 631 S.W.2d 
825, 827 (Tex. App.—Fort Worth 1982, pet. ref’d).  Because appellant 
demonstrated no evidence supporting his inability to make bond himself or 
efforts to secure bond himself, the trial court could properly have concluded 
that the amounts of the bonds were reasonable under the circumstances.  See 
Scott, 122 S.W.3d at 870.
Community Ties
        Courts 
may also consider an accused's work record, family ties, and length of residency 
to determine what constitutes reasonable bond.  Rubac, 611 S.W.2d at 
849.  Appellant does not reside in this jurisdiction.  He is a 
resident of Hobbs, New Mexico and has lived there for the last twenty-five 
years.  Appellant has few ties to the area other than one brother who lives 
in Rockport, Texas.  Additionally, appellant’s work as a truck driver 
causes him to often travel from place to place.  Based on the lack of 
evidence regarding appellant's ties to the community, the trial court could have 
concluded that his community ties were insufficient to assure his appearance at 
trial.  See, e.g., Brown, 959 S.W.2d at 373 (holding that 
bail of $500,000 for alleged capital murder was not excessive, where defendant 
faced life imprisonment or death penalty, and defendant did not have any close 
ties to community to assure his appearance at trial).
Conclusion
        In 
light of the serious and violent nature of the alleged crimes, appellant’s 
failure to attempt to secure the bonds for himself, and the fact that appellant 
is not a resident of this jurisdiction and has few ties to the community, we 
hold that the trial court did not act arbitrarily or unreasonably by denying a 
reduction in the amounts of appellant’s bonds.  Additionally, appellant 
has failed to show that the bonds were excessive in relation to the crimes 
alleged.  See id. Because we hold that the trial court did not 
abuse its discretion in denying appellant’s request for bond reduction, we 
overrule both of appellant’s points and affirm the trial court’s orders 
denying habeas corpus relief.
   
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
  
 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and WALKER, JJ.
 
PUBLISH
 
DELIVERED: May 27, 2004