Opinion filed March 22, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed March 22, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

    Nos. 11-06-00248-CR, 11-06-00249-CR, 11-06-00250-CR,
& 11-06-00251-CR 

                                                    __________

 

                                   LEE SCOTT CLEMONS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown County, Texas

 

        Trial
Court Cause Nos. CV0608358, CV0608357, CV0608334, & CV0608359

 



 

                                                                   O
P I N I O N

 








These appeals stem from a habeas corpus proceeding
in which Lee Scott Clemons urged that his bail was excessive.  At the time of the proceeding, Clemons had
been arrested and charged with  indecency
with a child (Cause Nos. 11-06-00248-CR and 11-06-00249-CR) and aggravated
sexual assault of a child (Cause Nos. 11-06-00250-CR and 11-06-00251-CR).  His bail had been set at $100,000 in each of
the indecency cases, at $250,000 in Cause No. 11-06-00250-CR, and at $150,000 in
Cause No. 11-06-00251-CR, for a total of $600,000.  After a hearing on the habeas corpus
petitions, the trial court reduced the amounts of bail to $75,000, $75,000,
$150,000, and $100,000 B
respectively B for a
total of $400,000.  Clemons appeals,
contending in his sole issue in each case that his bail is excessive.  We affirm. 


In a single issue in each case, Clemons contends
that the trial court abused its discretion in setting bail and that the amount
of bail is excessive and, therefore, in violation of U.S. Const. amend. VIII; Tex. Const. art. I, '' 11, 13; and Tex. Code Crim. Proc. Ann. arts. 1.07,
1.09, 17.15 (Vernon 2005).  A>Bail= is the security given by the accused
that he will appear and answer before the proper court the accusation brought
against him, and includes a bail bond or a personal bond.@ 
Tex. Code Crim. Proc. Ann.
art. 17.01 (Vernon 2005).  Article 17.15
provides that the amount of bail:  

[I]s
to be regulated by the court, judge, magistrate or officer taking the bail; they
are to be governed in the exercise of this discretion by the Constitution and
by the following rules:

 

1. The bail shall be sufficiently high to give
reasonable assurance that the undertaking will be complied with.

 

2. The power to require bail is not to be so used
as to make it an instrument of oppression.

 

3. The nature of the offense and the circumstances
under which it was committed are to be considered.

 

4. The ability to make bail is to be regarded, and
proof may be taken upon this point.

 

5. The future safety of a victim of the alleged
offense and the community shall be considered. 

 

The ability to make bond is one of many factors to be considered;
however, it does not control the amount of bail and will not automatically
render an amount excessive.  Ex parte
Charlesworth, 600 S.W.2d 316 (Tex. Crim. App. 1980); Ex parte Branch,
553 S.W.2d 380, 382 (Tex. Crim. App. 1977). 
If the ability to make bond in a specified amount controlled, then the
role of the trial court in setting bond would be eliminated, and the accused
would be in the position to determine what his bail should be.  Ex parte Branch, 553 S.W.2d at
382.  








In addition to the rules listed in Article 17.15,
the following factors may also be considered: 
possible punishment, the accused=s
work record, his ties to the community, the length of his residency, his prior
criminal record, his conformity with any prior bail bond conditions, his
ability or inability to make a bail bond, and the existence of any outstanding
bail bonds. Ex parte Charlesworth, 600 S.W.2d at 317; Ex parte Ivey, 594
S.W.2d 98 (Tex. Crim. App. 1980); Ex parte Vasquez, 558 S.W.2d 477, 479
(Tex. Crim. App. 1977); Ex parte Hunt, 138 S.W.3d 503 (Tex. App.CFort Worth 2004, pet. ref=d); Ex parte Simpson, 77 S.W.3d
894, 898 (Tex. App.CTyler
2002, no pet.); DePena v. State, 56 S.W.3d 926, 927 (Tex. App.CCorpus Christi 2001, no pet.); Brown
v. State, 11 S.W.3d 501 (Tex. App.CHouston
[14th Dist.] 2000, no pet.); see also Ex parte Rubac, 611 S.W.2d 848,
849 (Tex. Crim. App. 1981). The primary purpose of the bail bond is to secure
the accused=s
presence in court.  Ex parte Vasquez,
558 S.W.2d at 479.  The accused has the
burden to prove that bail is excessive.  Id.  

We review the trial court=s
ruling on a request to reduce bail under an abuse of discretion standard.  See Ex parte Rubac, 611 S.W.2d at 850;
see also Article 17.15 (giving trial court discretion to set amount of
bail).  As such, we will not disturb the
trial court=s ruling
if it was within the zone of reasonable disagreement.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).  

Clemons introduced testimony that he was unable to
make bond with bail set as high as it was. 
Clemons and other witnesses testified regarding his lack of funds or
assets.  The evidence showed that Clemons
had $1,900 and a collection of lighters worth about $500.  He drove a company-owned vehicle, rented a
house, was in debt, and owned no land. 
Clemons testified that he had not spoken to friends or family to
determine whether any of them would be willing or able to contribute money
toward a bond.  One of the owners of the
company that employed Clemons testified that she had talked to a bondsman who
charged ten percent but had not discussed any certain dollar amount or limit as
far as helping Clemons pay a bond fee. 
She stated only that she understood the bond had to be something that
Clemons could reasonably afford and that she would try to hire a bondsman if
bail were set at an amount that Clemons could pay.








The record also shows that Clemons had ties to the
community and that he had stable employment prior to his arrest.  Clemons grew up in Aspermont.  His grandparents still lived there. Clemons
and his wife and children lived in Brownwood
at the time of the hearing.  His mother
also lived in Brownwood.  Clemons=s
employers testified that he was a good, reliable, hard, honest worker and that
he had worked at their construction business for six years prior to his
arrest.  They also testified that they
did not believe Clemons was a flight risk and pointed out that he had already
had opportunities to flee but had not done so. 
As part of the duties of his employment, Clemons traveled throughout Texas and occasionally
spent the night out of town.  On these
occasions, Clemons drove either the Ahaul
truck@ or a
pickup.

Clemons=s
wife did not dispute his monetary situation, but she testified that Clemons was
a flight risk and a danger to himself. 
Clemons testified that he had made comments about taking his own life
but that he was not serious when he made those comments.  Clemons later admitted that he had told a
family friend that he would kill himself rather than go to prison.  Clemons testified that, although he had
considered killing himself, he had decided against it.  Clemons also admitted that he had made
comments to his wife about fleeing the country. 
Clemons told his wife that they could be a family again if they went to Mexico.  Clemons testified that he asked his wife if
she, along with their daughters, would be willing to go to Mexico with
him.  Clemons=s
wife declined the offer. Clemons was
charged with the aggravated sexual assault of two children:  his biological daughters ages six and three.  He was also charged with indecency with two
children:  one of his daughters and a
seven-year-old who was the daughter of a family friend.  Other than the identity of the victims, the
circumstances surrounding the allegations in these cases were not developed at
the habeas hearing.  However, the serious
nature of the alleged offenses is evident from the type of offenses in
themselves.  Aggravated sexual assault of
a child is a first degree felony punishable by imprisonment for life or for a
term of five to ninety-nine years.  Tex. Pen. Code Ann. ' 12.32 (Vernon 2003), ' 22.021(e) (Vernon Supp. 2006).  Indecency with a child as charged against
Clemons is a third degree felony punishable by a term of imprisonment between
two and ten years.  Tex. Pen. Code Ann. '' 12.34, 21.11 (Vernon
2003).  Any sentences Clemons might
receive in these cases could potentially be ordered to run consecutively.  Tex.
Pen. Code Ann. '
3.03(b)(2) (Vernon
Supp. 2006).  Thus, the potential exists
for a very lengthy sentence.  








Although Clemons showed that he could not afford
bail as set in these cases, he did not provide any evidence showing that he had
made any efforts to secure a bond himself. 
His testimony showed that he had not attempted to find out if any
friends or family members were willing or able to help him secure a bond.  We hold that the trial court did not act
arbitrarily or unreasonably in setting bail in light of Clemons=s failure to show any effort on his
part to secure a bond, the serious nature of the alleged crimes, the potential
for a lengthy sentence, the future safety of the victims (based upon Clemons=s expressed desire to flee with his
wife and daughters), and Clemons=s
apparent lack of regard for his community ties (as expressed by his desire to
flee to Mexico and his thoughts of suicide). 
Clemons has not shown that his bail is excessive.  Accordingly, we overrule Clemons=s issue in each case.  

The orders of the trial court are affirmed.  

 

PER CURIAM

 

March 22, 2007

Publish.  See Tex. R. App. P. 47.2(b). 

Panel
consists of: Wright, C.J.,

McCall,
J., and Strange, J.