ACCEPTED
06-14-00206-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/31/2015 7:27:20 PM
DEBBIE AUTREY
CLERK

## NO. 06 – 14-- 00206– CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
2/3/2015 3:15:00 PM
DEBBIE AUTREY
Clerk

IN THE SIXTH DISTRICT COURT OF APPEALS
TEXARKANA, TEXAS

**CINQUE ROSS**
**Appellant,**

**v.**

**THE STATE OF TEXAS**
**Appellee**

On appeal from the 188TH District Court, Gregg County, Texas
Trial Court Case No. 43,104-B

## BRIEF OF THE STATE OF TEXAS

**– ORAL ARGUMENT NOT REQUESTED –**

**GREGG COUNTY CRIMINAL**
**DISTRICT ATTORNEY'S OFFICE**

Zan Colson Brown
Texas Bar No. 03205900
Assistant District Attorney
Gregg County, Texas
101 East Methvin St., Suite 333
Longview, Texas  75601
Telephone: (903) 236–8440
Facsimile:  (903) 236–3701
Email: zan.brown@co.gregg.tx.us

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................1

INDEX OF AUTHORITIES.........................................................................2

STATEMENT OF FACTS...........................................................................4

    ARGUMENT.......................................................................................8

I.   The trial court correctly refused to reduce Ross' bond amount. ..................8

      *a.   Standard of Review*.................................................................8

      *b.   Trial court has discretion to consider many factors.*...........9

      *c.   The court must consider certain factors.*................................9

      *d.   The court may consider other factors.* ..................................10

      ***f. The record supports that the judge considered all five factors from Article 17.15.***..................................................12

      ***g.   The record supports that the judge considered many of the other optional factors that he could consider under case law.*** ..................................................................................14

    CONCLUSION.................................................................................17

**PRAYER**.................................................................................................**17**

**CERTIFICATE OF SERVICE** ...........................................................**18**

**CERTIFICATE OF COMPLIANCE**………………………………….**21**

1

# INDEX OF AUTHORITIES

## State Cases

*Brown v. State*, 11 S.W.3d 501 (Tex. App.--Houston [14th Dist.] 2000,................10

*Clemons v. State*, 220 S.W.3d 176 (Tex. App.—Eastland 2007, no pet.)...... 8, 9, 10

*DePena v. State*, 56 S.W.3d 926 (Tex. App.—Corpus Christi 2001, no pet.) ........10

*Ex parte Branch*, 553 S.W.2d 380 (Tex. Crim. App. 1977)......................................9

*Ex parte Charlesworth*, 600 S.W.2d 316 (Tex. Crim. App. 1980)......................9, 10

*Ex parte Hunt*, 138 S.W.3d 503 (Tex. App.--Fort Worth 2004, pet. ref'd) .............10

*Ex parte Ivey*, 594 S.W.2d 98 (Tex. Crim. App. 1980) ...........................................10

*Ex parte Rubac*, 611 S.W.2d at 850...................................................................8, 10

*Ex parte Simpson*, 77 S.W.3d 894 (Tex. App.--Tyler 2002, no pet.) ......................10

Ex parte Vasquez, 558 S.W.2d 477 (Tex. Crim. App. 1977) ........................... 10, 11

Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)..................................8

*Hunt*, 138 S.W.3d 503...............................................................................................10

*Ivey*, 594 S.W.2d 98 (Tex. Crim. App. 1980)...........................................................10

*Light* v. *State*, 15 S.W.3d 104 (Tex. Crim. App. 2000)...............................................8

Light v. State, 15 S.W.3d 104, 106 (Tex. Crim. App. 2000)......................................8

*McLendon,* 356 S.W.3d 541 (Tex. App. Texarkana 2011, no pet.).................. 14, 15

*Milner v. State*, 263 S.W.3d 146 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ..11

*Montgomery*, 810 S.W.2d, 391 ................................................................................8

## State Statutes

Tex. Crim. Proc. Code Ann. art. 17.15 (Vernon) ........................................... passim

# STATEMENT OF FACTS

Cinque Ross was indicted for being a felon in possession of a weapon. CR4. He pleaded not guilty to the Court, but was found guilty and was sentenced to eight years in the Texas Department of Criminal Justice—Institutional Division. See Judgment, CR 6. His appeal bond was set at $100,000.00. See Docket sheet, Supp CR 4.

He filed a motion for new trial, which was denied after a hearing on October 8, 2014. Supp CR 2. On the same day, he filed a motion to reduce bond. Supp CR 1. In it he alleged that he was eligible to be released on bond pending the final determination of his appeal; he is a resident of this community, with ties to the community, and with family members residing here; he did not miss any court appearances while he was previously on bond in this case; the amount of the bond is unreasonably high, neither he nor his family has rthe resures to pay the premium, but the family may have resources to make a bond in a lesser amount; he is ready to comply with any reasonable terms imposed by the trial court in setting a reasonable bond. Supp. CR 1.

At the hearing on October 30, 2014, he testified as follows:

- he had lived in Gregg County most of his adult life, and his parents, his aunt, his sister and his son still live here and the relationship was close. 1(2) RR 6.

- He had made a pre-trial bond in this case in the amount of $30,000, with conditions, and he had complied, appearing at every court appearance. 1 (2) RR 7.

4

- He had held an oil-field job working 70 hours a week before he was arrested on this charge. 1(2) RR 7.

- His eighteen-year-old son and 63-year-old mother both rely on him 1 (2) RR 8-9.

- His family could not raise the premium for a bond of $100,000, but they could raise $2500 or maybe a little more to put up as a bond premium. 1 (2) RR 10.

On cross-examination:

- he admitted being convicted for assault on a public servand and engaging in criminal activity, but could not remember the misdemeanors he was asked about. 1 (2) RR 11.

- On further questioning, he recalled having a misdemeanor of failing to identify himself, but could not recall that they were numerous. 1 (2) RR 11.

The Court agreed to take judicial notice of all prior proceedings, including the PSI and the amount of his prior bond. 1 (2) RR 11.

Defense counsel argued:

- that he was eligible for an appeal bond, but neither he nor his family have the resources to come up with the premium for a $100,000 bond;

- that he has worked here, he has close ties to the community; he has lived here most of his life;

5

- that he is not a flight risk.

The State argued:

- that the PSI contained his statement that he was selling the guns to buy drugs;

- that he had two felonies, nine misdemeanors, several of which were failure to identify himself. 1 (2) RR 13.

- The failure to identify indicates that he is a flight risk. 1 (2) RR 13.

- He has no driver's license. 1 (2) RR 14.

- that he had no constitutional right to have bail set in an amount that he could handle. 1 (2) RR 14.

- that the Court should consider item number five from the rules for fixing the amount of bail: the future safety of the community. Tex. Crim. Proc. Code Ann. art. 17.15.

The Court denied the motion to reduce b ond. Ross appealed.

## SUMMARY OF THE ARGUMENT

The trial court did not abuse its discretion. He considered Ross' ability to work, his ties to his family, the fact that he had lived here for a long time, and Ross' testimony regarding his family's inability to raise the amount needed to pay the premium on a $100,000 bond.

He further considered his criminal record and the risk to the community by releasing him. He was aware that a defendant has no constitutional right to a bond within his means.

The judge made a decision that was reasonable under these facts. His decision was not arbitrary, and was well within the zone of reasonable disagreement. The appellant has not met his burden to prove an abuse of discretion.

# ARGUMENT

## I. The trial court correctely refused to reduce Ross' bond amount.

The trial court did not abuse its discretion when it denied the request to reduce the appellate bond.

### a. Standard of Review

A trial court's ruling on a request to reduce bail is reviewed under an abuse of discretion standard. *Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.). (citing *Ex parte Rubac*, 611 S.W.2d 848 at 850 (Tex. Crim. App. 1981) and Article 17.15, which gives a trial court discretion to set amount of bail). As such, we will not disturb the trial court's ruling if it was within the zone of reasonable disagreement. *Clemons,* at 178, citing *Montgomery*, 810 S.W.2d, 391. As a general rule, appellate courts should afford almost total deference to a trial court's determination of the historical facts that the record supports, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Light* v. *State*, 15 S.W.3d 104, 106 (Tex. Crim. App. 2000), citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

Appellant's sole issue here is whether the trial court abused its discretion in denying the reduction. The evidence on which he bases his request for reduction

was provided by his own testimony, whose demeanor was observed by the trial court and whose credibility could be judged only by the trial court.

### b. Trial court has discretion to consider many factors.

"The ability to make bond is one of many factors to be considered; however, it does not control the amount of bail and will not automatically render an amount excessive." *Clemons*, 220 S.W.3d at 178, citing *Ex parte Charlesworth*, 600 S.W.2d 316; *Ex parte Branch*, 553 S.W.2d 380, 382 (Tex. Crim. App. 1977). "If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be eliminated, and the accused would be in the position to determine what his bail should be." *Clemons*, citing *Ex parte Branch,* 553 S.W.2d at 382. Tex. Crim. Proc. Code Ann. art. 17.15 This Court considered other factors besides the defendant's ability to make bond.

### c. The court must consider certain factors.

The Court, pursuant to the Code of Criminal Procedure, must consider certain factors when determining an amount of bond to set.

> The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:
> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.

9

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered

Tex. Code Crim. Proc. art. 17.15 (2013).

### d. The court may consider other factors.

In addition to the rules listed in Article 17.15, the following factors may also be considered: possible punishment, the accused's work record, his ties to the community, the length of his residency, his prior criminal record, his conformity with any prior bail bond conditions, his ability or inability to make a bail bond, and the existence of any outstanding bail bonds. *Clemons*, 220 S.W.3d at 178, citing *Ex parte Charlesworth*, 600 S.W.2d at 317; *Ex parte Vasquez,* 558 S.W.2d 477, 479 (Tex. Crim. App. 1977) *Ex parte Ivey*, 594 S.W.2d 98 (Tex. Crim. App. 1980); *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977); *Ex parte Hunt*, 138 S.W.3d 503 (Tex. App.--Fort Worth 2004, pet. ref'd); *Ex parte DePena v. State*, 56 S.W.3d 926, 927 (Tex. App.—Corpus Christi 2001, no pet.); *Ex parte Simpson, 77 S.W.3d 894 (Tex. App. Tyler 2002)*; *Brown v. State*, 11 S.W.3d 501 (Tex. App.--Houston [14th Dist.] 2000, no pet.); see also *Ex parte Rubac*, 611 S.W.2d at 849.

The primary purpose of the bail bond is to secure the accused's presence in court. *Clemons v. State,* at 178 (citing *Ex parte Vasquez*, 558 S.W.2d at 479). The accused has the burden to prove that bail is excessive. *Id*.

10

### e. The trial court considered many factors.

The defense, with the burden to prove that the bond should be reduced, argued that neither Ross nor his family had the wherewithal to pay the premium on a $100,000 bond, but might be able to raise $2500 or a little more.

Regarding ability to make bond, his attorney argued that he and his family have limited resources, and that the present bond was beyond their reach. 1 (2) RR 14-15. He did not discuss whether anybody in the family had property that could be used as collateral to borrow the money. Nobody else in the family came forward to testify to their indigence. "To show that [one ] is able to make bail, a defendant generally must show that [his] funds and [his] family's funds have been exhausted." *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Regarding the other factors, defense counsel argued asl follows:

> He has worked here; he had a job; he has family; he has close ties to the community; lived here most of his life; and I don't think he's going to go anywhere, Your Honor. I don't think he's a flight risk. There's been no evidence of that, I don't think in the past. 1 (2) RR 13.

The State, on the other hand, argued several facts from the pre-sentence report. He doesn't have a constitutional right to have bond set in an amount he can handle. The State also asked the judge to give particular consideration to the future safety of the community.

Having this evidence and argument before him, the trial judge was certainly within the zone of reasonable disagreement to refuse to reduce the bond.

### f. The record supports that the judge considered all five factors from Article 17.15.

These are the rules and the evidence that the judge considered them:

**1**. **The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with**.Tex. Crim. Proc. Code Ann. art. 17.15.

The judge considered reducing it, but decided against it, leaving it sufficiently high to give reasonable assurance that Ross would make an appearance after the appeal is finished.

2. **The power to require bail is not to be so used as to make it an instrument of oppression**. Tex. Crim. Proc. Code Ann. art. 17.15.

The judge was not asked to consider this rule in particular; there was no allegation that the original bond was oppressive. The defense counsel did refer the judge to these rules, however. 1 (2) RR 5. Therefore it can be assumed that the judge considered or reconsidered it. The defense did not carry its burden to prove a violation of this rule.

3. **The nature of the offense and the circumstances under which it was committed are to be considered.** Tex. Crim. Proc. Code Ann. art. 17.15.

12

The judge agreed to consider all prior proceedings and the PSI, in which he would find a statement that Ross was selling the guns to purchase drugs. 1 (2) RR 11.

4. **The ability to make bail is to be regarded, and proof may be taken upon this point**. Tex. Crim. Proc. Code Ann. art. 17.15.

The only evidence of his family's inability to make the bond as set was the testimony of the defendant, which the judge was free to believe or disbelieve. 1 (2) RR 9-10. No other witness was there to speak to the family's possession of property that could be used as collateral to borrow the bond premium. No one testified to the household income. No documents were produced to show their income(s). The judge did comply with the statute by considering it, but he apparently found the evidence insufficient. There was evidence of his ability to make a pre-trial bond. He claimed to have made a bond of $30,000, but it might have been $20,000. He was not sure. 1(2) RR 11-12.

5. **The future safety of a victim of the alleged offense and the community shall be considered**. Tex. Crim. Proc. Code Ann. art. 17.15.

The judge was specifically asked by the State to consider the future safety of the community. 1 (2) RR 14. Since the judge was familiar with the case, having heard it from the first, and since the judge agreed to consider the pre-sentence

investigation report, he could consider the crime itself and the circumstances surrounding the crime while he thought about protecting the community. "The nature of the offense and circumstances surrounding the crime are primary factors in determining what constitutes reasonable bail." *Ex parte McLendon,* 356 S.W.3d 541, 543 (Tex. App. Texarkana 2011, no pet.).

The defense failed to prove any violation of any of the above mandatory considerations.

**g. The record supports that the judge considered many of the other optional factors that he could consider under case law.**

According to the cases listed in paragraph "d," above, a trial court may also consider the following:

1. **Possible punishment**. Ross' punishment had already been set at eight years in prison. CR 6.

2. **The accused's work record.** Ross was unemployed at the time of this hearing, but he testified he had previously held an oil-field job working 70 hours per week, and he felt he could either go back to work for the same employer or get another job. 1 (2) RR 7-8. The judge was free to believe or disbelieve the words of the accused.

3. **His ties to the community.** Ross testified he had worked here. *Id.* The Judge also took notice of the criminal record in this community. 1

14

(2) RR 10-11. His criminal record in the community is relevant to his ties to the community.

4. **The length of his residency**. Ross testified that he had lived here most of his life. 1 (2) RR 6

5. **His prior criminal record.** The State asked--and the judge agreed-- to take judicial notice of all prior proceedings, and of the pre-sentence investigation report. 1 (2) RR 11. Ross' memory failed him when he was asked about his criminal record, but he did recall a felony assault on a public servant, and a felony engaging in criminal activity, and when reminded, recalled at least one failure to identify himself. 1 (2) RR 11.

6. **His conformity with any prior bail bond conditions.** The judge heard Ross testify that he had complied with his prior bond conditions by attending every court appearance, but no evidence was taken on other bond conditions. The judge also had the pre-sentence report to consider.

7. **His ability or inability to make a bail bond**. As stated above, the judge had only Ross' testimony on his and his family's inability to make the $100,000 bond set. Nobody testified to the family's income, expenses, or their possessions that could be used collateral to borrow.

15

In an unpublished opinion, this Court found evidence insufficient to prove the family's inability to pay when there was much more information than we have in the present case.

According to Main, a bail-bonding company she contacted would require Stephenson to make an initial deposit of $2,300.00 as a condition [] for issuing such a $40,000.00 bond with the further requirement that she follow-up that initial payment with additional monthly payments. Main testified that she was disabled, that her sole income was about $470.00 per month in Social Security disability income, and that her nephew (who lived in the home with her) was likewise disabled and received about $840.00 per month from the same source. Main related further that Stephenson's other family and friends were able to supply only about $250.00 toward the payment of an appeal bond. Main failed to testify about her own monthly expenses. She claimed she could make a premium payment on a bond of only about $2,500.00 to $5,000.00, not the $40,000.00 appeal bond amount set by the trial court. Although Main testified that Stephenson lived in the same house with Main and Main's nephew, together with "her grandmother and -- and my son," the finances of neither Stephenson's grandmother nor her brother were discussed. Main also failed to testify whether she or any other family member possessed collateral with which to secure a loan for the payment of bonding fees. From the record, it is not entirely clear that Stephenson's family's resources have been exhausted to the extent that the requested bond fee could not be satisfied.

*Stephenson v. State,* 2013 Tex. App. LEXIS 11709, 5-7 (Tex. App. Texarkana Sept. 17, 2013).

The judge no doubt considered Ross' opinion of his family's financial situation, although he may have found such testimony insufficient to prove the inability to make the bond. He also could have believed or disbelieved it.

16

8. **The existence of any outstanding bail bonds.** No evidence was taken on this point.

The record thus shows that the judge considered many different relevant factors before determining that the defendant had not made a convincing argument for reduction of bond to meet his burden of proof.

# CONCLUSION

The ruling should be affirmed because the trial court did not act without reference to any guiding principles; the trial court was not arbitrary or unreasonable in setting the bond amount. There being no abuse of discretion, the ruling of the court should be affirmed.

## PRAYER

Fore the foregoing reasons, the State prays that the ruling be affirmed.

Respectfully Submitted,

*Zan Colson Brown*

Zan Colson Brown
Texas Bar No. 03205900
Assistant District Attorney
101 East Methvin St., Suite 333
Longview, TX 75601
Telephone: (903) 236–8440
Facsimile: (903) 236–3701

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by certified mail, return receipt requested and/or facsimile to:

Lew Dunn
P.O. Box 2226
Longview, Texas 75606

this 31st day of January, 2015.

*Zan Colson Brown*
Zan Colson Brown
Assistant Criminal District Attorney

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document complies with Texas Rules of Appellate Procedure regarding length of documents, in that exclusive of caption, statement regarding oral argument, table of contents, table of authorities, signature, certificate of service, certificate of compliance, it consists of 3,024 words.

/s/ *Zan Colson Brown*
Zan Colson Brown
Assistant Criminal District Attorney