

# NUMBER 13-23-00378-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE GEORGE ALVAREZ

### ON APPEAL FROM THE 404TH DISTRICT COURT
### OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Longoria, Silva, and Peña**
**Memorandum Opinion by Justice Peña**

Appellant George Alvarez appeals the trial court's ruling on his pretrial application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1). We reverse and remand.

### I.    BACKGROUND

On May 7, 2023, Alvarez was arrested on eight counts of manslaughter, *see* TEX. PENAL CODE ANN. § 19.04, and ten counts of aggravated assault, *see id*. § 22.02(a)(2). After successfully reducing his bond in Brownsville Municipal Court to a total bond amount

of $2,700,000 as to all charges, Alvarez filed an application for writ of habeas corpus seeking relief under Article 17.151 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. Ann. art. 17.151, § 1(1) (providing that a "defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within . . . 90 days from the commencement of his detention if he is accused of a felony"). On the date of the habeas hearing, Alvarez had been detained for ninety-six days without indictment.

At the habeas hearing, Alvarez presented evidence of his inability to post the total bond amount of $2,700,000. This evidence included the following: (1) copies of Alvarez's tax returns; (2) an affidavit from Alvarez's common-law wife regarding his inability to post bond; (3) live testimony from his common-law wife that, at most, Alvarez's family could pay $5,000 to $15,000 to post bond; and (4) testimony as to his weekly and annual income. At the close of the evidence, the trial court reduced the bond for each charge to $25,000, for a total bond amount of $450,000. When making this ruling, the trial court stated as follows: "So when you take that to the bond company and you do the [ten percent], they need [$]45,000. I know that that is still above what is showed, and I understand that, but I have a duty, as an officer of this court and to the community, to keep the safety of the community in mind." This appeal followed.

While Alvarez's appeal was pending, the State "filed a superseding indictment increasing the number of counts from 18 to 26 counts, including 8 counts of intoxication manslaughter, 8 counts of manslaughter, and 10 counts of aggravated assault."[1] The

---

[1] We previously abated this appeal and permitted both parties to file supplemental briefs regarding

case against Alvarez, including the charges forming the basis of this appeal, is set for jury trial on June 24, 2024.

## II.   STANDARD OF REVIEW & APPLICABLE LAW

We review the trial court's ruling in a habeas proceeding regarding the imposition or reduction of bail for an abuse of discretion. *Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013); *see Ex parte Craft*, 301 S.W.3d 447, 448 (Tex. App.—Fort Worth 2009, no pet.) (per curiam) ("We review a trial court's decision to deny relief on a claim that the State violated [A]rticle 17.151 for an abuse of discretion." (citing *Jones v. State*, 803 S.W.2d 712, 718 (Tex. Crim. App. 1991))). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to any guiding rules or principles, or if its decision lies outside the zone of reasonable disagreement. *Ex parte Allen*, 619 S.W.3d 813, 816 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (citations omitted).

"A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within . . . 90 days from the commencement of his detention if he is accused of a felony[.]" TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1).

> Article 17.151 is mandatory; if the State is not ready for trial within 90 days of the beginning of the defendant's detention, the defendant accused of a felony must be released on personal bond or by reducing the required bail amount. Without an indictment, the State cannot be ready for trial under Article 17.151. Under those circumstances, the judge has only two options: either release the accused on personal bond or reduce the required bail amount. If the court chooses to reduce the amount of bail required, it must

---

the current status of the charges against Alvarez. *See* TEX. R. APP. P. 38.7 (providing that "[a] brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe"). The appellate record before us at the time Alvarez was denied habeas relief does not include a "ready" announcement by the State.

reduce it to an amount that the record reflects the accused can make.

*Ex parte Lanclos*, 624 S.W.3d 923, 927 (Tex. Crim. App. 2021) (cleaned up) (citations omitted).

"A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties." *Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004). "If a case becomes moot, the parties lose their standing to maintain their claims, and the court loses jurisdiction to consider them." *State v. Golding*, 398 S.W.3d 745, 747 n.2 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (citing *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)). "Where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Id.* at 747 (citations omitted). However, "[t]he return of an indictment does not render moot an appeal from a habeas corpus proceeding to set or reduce the amount of bail." *Ex parte Branch*, 553 S.W.2d 380, 381 (Tex. Crim. App. 1977) (citation omitted); *see also McGill v. State*, No. 13-99-713-CR, 2000 WL 34415609, at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 19, 2000, no pet.) (not designated for publication) (same).

### III. DISCUSSION

The State concedes that the magistrate court abused its discretion in denying Alvarez's initial request for relief under Article 17.151 and in "(1) conditioning the denial of release under Article 17.151 on matters outside the scope of the statute, such as safety of the community, and (2) setting a reduced total bond of $450,000" when the record failed to show that Alvarez could make such bond. However, the State contends that the charges against Alvarez in the superseding indictment, and his new aggregate bond

4

amount, render this appeal moot.

Alvarez continues to be subject to pretrial confinement, and his appeal from the trial court's denial of relief pursuant to Article 17.151 has not been rendered moot by either the State's original indictment or superseding indictment. *See Ex parte Branch*, 553 S.W.2d at 381; *see also* TEX. CODE CRIM. PROC. ANN. art. 17.151 (applying to "[a] defendant *who is detained in jail pending trial* of an accusation against him") (emphasis added). One court of appeals has expressly rejected such a notion. *See Pharris v. State*, 196 S.W.3d 369, 373 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (concluding that an indictment did not render moot appellant's claim under Article 17.151 because the "State at no point claim[ed] that it was ready within 90 days" and "the [Texas] Court of Criminal Appeals has held that [A]rticle 17.151 requires the State to be ready within 90 days of defendant's 'arrest' or he (1) must be released on personal bond or (2) have bail reduced") (citations omitted).

Nor is this a situation where an appeal from a trial court's denial of relief under Article 17.151 has been rendered moot by appellant's release on a personal recognizance bond or his subsequent conviction. *See Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992) (concluding habeas petition rendered moot where applicant had been convicted of the underlying offense and no longer subject to pretrial confinement); *see also Ex parte Amos*, No. 13-23-00173-CR, 2024 WL 46556, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 4, 2024, no pet.) (mem. op., not designated for publication) (dismissing as moot appellant's appeal of trial court's denial of relief under Article 17.151 because the trial court subsequently signed an ordering releasing appellant on a personal recognizance bond); *Ex parte Ruan*, No. 10-22-00247-CR, 2022 WL 17979333, at *1

(Tex. App.—Waco Dec. 28, 2022, no pet.) (mem. op., not designated for publication) (dismissing as moot appellant's appeals from the trial court's denial of relief under Article 17.151 because he had been convicted of the underlying offenses and was no longer subject to pretrial confinement).

Notwithstanding the indictments against Alvarez, *Ex parte Lanclos* controls. As in *Ex parte Lanclos*, here, Alvarez "was detained in jail on felony charges without indictment for more than 90 days." 624 S.W.3d at 929. Article 17.151 "mandates his release—either on personal bond or by reducing the required bail amount—period." *Id*. at 928. Because the indictments in this case have not rendered Alvarez's complaint moot, *see Ex parte Branch*, 553 S.W.2d at 381, and because the State concedes that the trial court abused its discretion, we sustain Alvarez's sole issue.

## IV.    CONCLUSION

We reverse the trial court's order and remand to the trial court for further proceedings consistent with this memorandum opinion. *See Ex parte Lanclos*, 624 S.W.3d at 929.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
13th day of June, 2024.

6