

## NUMBER 13-24-00634-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

### EX PARTE CHRISTOPHER RIGGINS

---

### ON APPEAL FROM THE 130TH DISTRICT COURT
### OF MATAGORDA COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Peña**

This matter is before the Court on the State's motion to dismiss appellant Christopher Riggins's appeal from the denial of his pretrial application for writ of habeas corpus. The State argues that probable cause was the only issue contested by Riggins, and that the return of an indictment has mooted his appeal.

Riggins was arrested for aggravated robbery and placed in custody on November 8, 2024. *See* TEX. PENAL CODE ANN. § 29.02, .03. On November 15, 2024, Riggins filed his application for pretrial writ of habeas corpus. On January 27, 2025, a grand jury

returned an indictment against Riggins for aggravated robbery, alleging that on October 16, 2024, he recklessly caused bodily injury to the complainant while committing theft and exhibiting a firearm. On February 18, 2025, appellant filed a motion to supplement the record, and we abated this appeal and remanded the matter for the trial court to resolve any outstanding issues with the state of the record. Subsequently, the State filed the motion to dismiss now before us.

Before he is indicted, an accused may file an application for writ of habeas corpus to challenge the existence of probable cause to restrain him. *Ex parte Smith*, 178 S.W.3d 797, 801 & n.9 (Tex. Crim. App. 2005) (per curiam). However, the return of an indictment establishes probable cause as a matter of law and renders moot any issues regarding probable cause. *Ex parte Branch*, 553 S.W.2d 380, 381 (Tex. Crim. App. 1977); *Ex parte Cardenas*, 557 S.W.3d 722, 736 (Tex. App.—Corpus Christi–Edinburg 2018, no. pet.). On the other hand, "[t]he return of an indictment does not render moot an appeal from a habeas corpus proceeding to set or reduce the amount of bail." *Branch*, 553 S.W.2d at 381 (citation omitted); *see also McGill v. State*, No. 13-99-713-CR, 2000 WL 34415609, at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 19, 2000, no pet.) (not designated for publication) (same).

We agree with the State that the indictment in this case has rendered moot Riggins's appeal. Although Riggins explicitly argued in his pretrial writ application that "[t]he bond set is too high to allow him any expectation of release," he did not seek a bond reduction in his prayer for relief.[1] More importantly, at the hearing on Riggins's

---

[1] Substantively, the application claims police and prosecutorial misconduct. In response to the State's motion to dismiss this appeal, Riggins reiterates these allegations, arguing that "the indictment

2

application, defense counsel explicitly stated that Riggins was not requesting a reduction in bond:

| | |
|---|---|
| [Trial Court]: | I believe, [counsel], you have a motion to reduce or set bond? |
| [Defense Counsel]: | Yes, your Honor. Well, actually, I have a motion to – for Writ of Habeas Corpus to have him released entirely, not to have his bond reduced but that he be released from the custody of Matagorda jail. |
| . . . | |
| [Trial Court]: | Okay. So the paragraphs that you allege that the bond's too high, those are a moot point and you're not moving forward on a reduction? |
| . . . | |
| [Defense Counsel]: | No, your Honor, I'm not striking that. I am using that as basis for excessive bail and for his retention in jail and him being confined of his liberty. So that's one of the bases. |
| [Trial Court]: | But you're not asking for it to be reduced, you're just asking for him to be released? |
| [Defense Counsel]: | Yes, your Honor. |
| [Trial Court]: | So the reduction is not on the table? |
| [Defense Counsel]: | No. |

---

should not be deemed as a basis for deeming this appeal moot because of the misconduct of the prosecutor in obtaining the indictment." Riggins does not provide us any authority that would support our ability to conduct the sort of inquiry into the validity of the indictment he requests. *See* TEX. R. APP. P. 38.1(i); *Harvel v. Tex. Dep't of Ins.-Div. of Workers' Comp.*, 511 S.W.3d 248, 253 (Tex. App.—Corpus Christi–Edinburg 2015, pet. denied) ("An issue on appeal unsupported by argument or citation to any legal authority presents nothing for the court to review."); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) ("Failure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint.").

Because defense counsel explicitly took bond reduction off the table, the record is clear that the only contested issue considered and ruled upon by the trial court was whether there was probable cause to keep Riggins detained pre-indictment. *See* TEX. R. APP. P. 33.1(a)(1) (providing that appellate courts cannot review points of error unless "the complaint was made to the trial court by a timely request, objection, or motion").

Because Riggins has been indicted, and the existence of probable cause was the only issue presented to the trial court, this appeal is moot. *See Branch*, 553 S.W.2d at 381; *Cardenas*, 557 S.W.3d at 736; *see also Ex parte Ransom*, No. 05-22-00241-CR, 2022 WL 3054086, at *1 (Tex. App. Aug. 3, 2022) (mem. op., not designated for publication) ("Because appellant has been indicted, and the existence of probable cause is the only issue on appeal, this appeal is moot.").

Accordingly, we reinstate the appeal and grant the State's motion to dismiss and dismiss this appeal as moot. We dismiss all pending motions as moot, including appellant's motion to supplement the clerk's record, filed on February 12, 2025.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
18th day of June, 2025.

4