985 So.2d 591 (2008)
Trevor Nathaniel RICKETTS, Petitioner,
v.
PALM BEACH COUNTY SHERIFF, Respondent.
No. 4D08-937.
District Court of Appeal of Florida, Fourth District.
June 4, 2008.
Rehearing Denied July 30, 2008.
Carey Haughwout, Public Defender, Daniel Cohen and Jason Cromey, Assistant Public Defenders, West Palm Beach, for petitioner.
Fred H. Gelston of Fred H. Gelston, P.A., West Palm Beach, for respondent.
WARNER, J.
In this petition for writ of certiorari, which we treat as an appeal of the denial of a petition for writ of habeas corpus, appellant seeks relief from the sheriff's policy of detaining arrestees subject to a federal immigration hold. He claims that such a hold without a determination of probable cause is unconstitutional. Because the issue is one in the exclusive jurisdiction of the federal courts, we affirm the trial court's denial of relief.
Appellant was arrested for a third degree felony, and a bond of $1,000 was promptly set. However, when he attempted to post the bond, the sheriff refused to accept it, because appellant was subject to an immigration hold. When an investigator for the public defender's office attempted to obtain documentation of any detainers, the sheriff's office advised that appellant had an Immigration and Customs Enforcement (ICE)[1] hold. No copies *592 of the documents were provided because the sheriff took the position that federal law prohibits the disclosure of the detention documents in question.[2]
Appellant sought habeas corpus relief. He claimed that he and others similarly situated were being illegally detained without any showing of probable cause or judicial oversight. At the hearing, Lieutenant Robert Manley, who supervises intake and release at the Palm Beach County Sheriff's Office, explained the relationship between the federal government and the sheriff's office with respect to ICE holds. When subjects arrive at the jail, federal agents from ICE place in the jail record a form I-247, which is considered a detainer. This document requires the recipient to detain an alien for forty-eight hours after the alien ceases to be in custody on state charges. If a form I-203 is filed, and the alien has been released from state custody, the alien continues to be held and is considered to be in federal custody pending deportation proceedings. At that time, the alien remains in jail as a federal detainee until ICE takes custody of the alien from the sheriff. The jail receives monetary consideration pursuant to a contract with the federal government for holding federal prisoners, which consideration begins to run after the detainee is booked pursuant to the form I-203.
With respect to appellant himself, if he had posted the $1,000 bond on the state charges, then he would have been booked on the federal I-203, which Lieutenant Manley confirmed was in his file, and would continue to be held for pick-up by ICE agents. At that point, he would no longer be a state prisoner but a federal detainee. The sheriff's office has no ability to determine the legality of a detainer placed by ICE and does not do any independent investigation.
During the hearing the sheriff acknowledged that he should have allowed appellant to post his bond, even though he would thereafter have been either detained on the form I-247 or booked on the form I-203. To the extent that appellant challenged such detention, however, the court denied any relief, as the issues were within the jurisdiction of the federal government.
We agree with the trial court that appellant cannot secure habeas corpus relief from the state court on the legality of his federal detainer. The constitutionality *593 of his detention pursuant to both the I-247 and I-203 federal forms is a question of law for the federal courts. While appellant remains in state custody pursuant to state charges, he cannot secure a determination of his federal status pursuant to the detainers in federal court. See Orozco v. United States Immigration & Naturalization Serv., 911 F.2d 539 (11th Cir.1990) (affirming dismissal of habeas corpus petition and holding that alien incarcerated in state penal institution could not compel INS to dispose of deportation proceedings while alien remained in state custody subject to INS immigration detainer). However, a state court cannot adjudicate the validity of the federal detainer, as the area of immigration and naturalization is within the exclusive jurisdiction of the federal government. Plyler v. Doe, 457 U.S. 202, 225, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982); see also DeCanas v. Bica, 424 U.S. 351, 354, 96 S.Ct. 933, 47 L.Ed.2d 43 (1976) ("Power to regulate immigration is unquestionably exclusively a federal power.").
Once appellant posts bond on his state charges or his state sentence expires,[3] he will be "released" from state custody and then booked on the federal immigration detainer. At that point, the sheriff will not be holding appellant pursuant to state authority but pursuant to federal authority, and the legality of the detainer and the process by which he is held will be a question for the federal courts. The trial court did not err in denying habeas relief.
KLEIN and GROSS, JJ., concur.
NOTES
[1] Immigration and Customs Enforcement (ICE) is an investigative arm of the United States Department of Homeland Security. On March 1, 2003, the Immigration and Naturalization Service (INS) was abolished, its functions transferred to three bureaus within the Department of Homeland Security; the immigration enforcement functions were transferred to the Bureau of Immigration and Customs Enforcement (ICE). See 6 U.S.C. § 291.
[2] The sheriff relies on 8 C.F.R. § 236.6, which provides as follows:

No person, including any state or local government entity or any privately operated detention facility, that houses, maintains, provides services to, or otherwise holds any detainee on behalf of the Service (whether by contract or otherwise), and no other person who by virtue of any official or contractual relationship with such person obtains information relating to any detainee, shall disclose or otherwise permit to be made public the name of, or other information relating to, such detainee. Such information shall be under the control of the Service and shall be subject to public disclosure only pursuant to the provisions of applicable federal laws, regulations and executive orders. Insofar as any documents or other records contain such information, such documents shall not be public records. This section applies to all persons and information identified or described in it, regardless of when such persons obtained such information, and applies to all requests for public disclosure of such information, including requests that are the subject of proceedings pending as of April 17, 2002.
[3] We understand that after the trial court denied the petition for writ of habeas corpus, appellant entered a plea to the offense and received a county jail sentence.