SCALES, J.
Appellant Daniel Junior, the director of the Miami-Dade County Corrections and Rehabilitation Department ("Department"), appeals the trial court's writ of habeas corpus that, inter alia : (1) ordered the release of the appellee James La Croix, notwithstanding that LaCroix was subject to a federal immigration detainer; and (2) declared Miami-Dade County's policy toward federal immigration detainers to be unconstitutional under the Tenth Amendment of the United State Constitution.
*161 Because the trial court lacked jurisdiction to adjudicate the constitutionality of the subject federal immigration detainer, we reverse and quash the writ.[1]
I. Facts
A. LaCroix held in custody
Twice in January of 2017, LaCroix was charged with driving with a suspended license while an habitual traffic offender, a third degree felony pursuant to section 322.34(5) of the Florida Statutes. LaCroix was out on felony bond for the first offense when he was arrested for the second offense. Upon this second arrest, he was placed in the custody of the Department. LaCroix pleaded guilty to each offense, and on February 28, 2017, the trial court adjudicated him guilty and sentenced him to time served.
Thus, as of February 28, 2017, LaCroix was eligible for release from jail. While he was in custody, however, the Department of Homeland Security (DHS) transmitted to Department a DHS Form I-247X, commonly known as a federal immigration detainer. In this form, an officer of the United States Immigration and Customs Enforcement represented that the federal government suspected that LaCroix, a Haitian national, was "a removable alien." As such, the form requested that Department maintain custody of LaCroix for an additional period not to exceed forty-eight hours after the time he would otherwise be released from jail in order to allow DHS to take custody of him.
On March 1, 2017, LaCroix was transferred into federal custody pursuant to the federal immigration detainer. LaCroix remained in the county jail pursuant to this detainer request. At some point, LaCroix was deported from the United States.[2]
B. The habeas corpus proceedings below
On February 28, 2017, LaCroix filed in the trial court an "Emergency Petition for Writ of Habeas Corpus." LaCroix's petition simply stated that Department had failed to release LaCroix from jail after the expiration of his sentence. Immediately after receiving LaCroix's petition, the trial court ordered Department to file a response by March 2, 2017. Department met this filing deadline and, on March 2, 2017, the trial court conducted a hearing on LaCroix's petition. Although LaCroix was no longer in Department's custody, the trial court nonetheless entered the instant writ of habeas corpus on March 3, 2017. Department timely appeals
C. Miami-Dade County's policy toward immigration detainer requests
LaCroix's habeas corpus proceedings unfolded against the background of Miami-Dade County's efforts to adjust to evolving federal immigration policy. In 2013, the Miami-Dade County Commission passed Resolution No. R-1008-13, which directed the County Mayor to implement a policy whereby Department would not honor a federal immigration detainer request unless: (i) the federal government agreed to reimburse Miami-Dade County for all expenses *162 related to the detainer request, and (ii) the inmate had either a conviction for a forcible felony or a pending charge of a non-bondable offense. Because the federal government and Miami-Dade County never came to agreement over the terms of this 2013 Resolution, Miami-Dade County ended its cooperation on federal immigration detainer requests. On January 25, 2017, President Trump issued an Executive Order that, in part, would terminate certain federal grant funding to local government "sanctuary jurisdictions." Even though Miami-Dade County had not declared itself a "sanctuary" county, given the discord with the federal government over County Resolution No. R-1008-13, the County Mayor directed Department to begin honoring federal immigration detainer requests again.
The Miami-Dade County Commission convened in special session on February 17, 2017, to consider to what extent Miami-Dade County should cooperate with the DHS on federal immigration detainer requests in light of the federal government's apparent threat to restrict grant funding to Miami-Dade County. At this meeting, the County Commission adopted two Resolutions: (i) to return to Miami-Dade County's pre-2013 policy of cooperation on immigration detainer requests so long as the federal government showed probable cause for the detainer (Resolution No. R-163-17); and (ii) to authorize an appropriate legal challenge in the event the federal government denied grant funding due to Miami-Dade County's policy on federal immigration detainer requests (Resolution No. R-164-17).[3]
D. The Tenth Amendment basis for the trial court's grant of the writ
In adjudicating LaCroix's habeas corpus petition, the trial court applied a Tenth Amendment analysis to Department's continued incarceration of LaCroix.[4] The trial court found that because the federal government has exclusive dominion over immigration and deportation, Department cannot be "commandeered" to perform the federal function of detaining prisoners for deportation purposes. In other words, DHS could not "conscript" Department officers and facilities to continue LaCroix's custody after his state sentence expired. The trial court also found that President Trump's Executive Order coerced Department compliance based on the threat of lost grant funding to Miami-Dade County if Department declined to cooperate with federal immigration detainer requests. Finally, the trial court found that LaCroix had standing to seek habeas corpus relief based on a Tenth Amendment violation.
II. Analysis[5]
We quash the subject writ on the authority of *163 Ricketts v. Palm Beach County Sheriff, 985 So.2d 591 (Fla. 4th DCA 2008), which held that a State trial court lacks jurisdiction to adjudicate the validity of a federal immigration detainer.
In the Ricketts case, the Palm Beach County Sheriff arrested Ricketts for a third degree felony and held him in the county jail. After Ricketts attempted to post bond, the Sheriff refused to accept the bond because the Sheriff had received a federal immigration detainer request. Ricketts sought habeas corpus relief from the circuit court, asserting that he was illegally detained without judicial oversight or a showing of probable cause. Id. at 592. The trial court denied Ricketts's petition for writ of habeas corpus and the Fourth District affirmed. Id. at 592-93. The Fourth District, citing Plyler v. Doe, 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982), stated: "[A] state court cannot adjudicate the validity of the federal detainer, as the area of immigration and naturalization is within the exclusive jurisdiction of the federal government." Id. at 593.
The Court in Ricketts recognized that, once a person in custody becomes subject to a valid federal immigration detainer, he or she no longer is held in the custody of the state. Id. On the date of his petition for habeas corpus relief, LaCroix's physical location was a county jail cell, but his custodial status was established under federal authority. The federal courts have exclusive jurisdiction over a person in custody pursuant to valid federal authority. Ableman v. Booth, 62 U.S. 506, 523-24, 21 How. 506, 16 L.Ed. 169 (1858).
LaCroix seeks to distinguish Ricketts by arguing that Ricketts challenged his detention on due process grounds rather than on a Tenth Amendment basis. We note, parenthetically, that LaCroix did not raise the Tenth Amendment in his petition either, though the trial court based its grant of the writ on a Tenth Amendment rationale. In any event, LaCroix's effort to distinguish Ricketts is immaterial in light of the overriding jurisdictional issue in this case. Simply put, irrespective of whether the challenge to the federal immigration detainer is based on an alleged due process violation or a Tenth Amendment violation, a state court cannot adjudicate the validity of a federal immigration detainer.[6]
Reversed; writ of habeas corpus quashed.
Fernandez, J., concurs.

Because LaCroix has been deported pursuant to the subject federal immigration detainer, LaCroix argues that Department's appeal is moot. Notwithstanding LaCroix's mootness claim, we examine the legal appropriateness of the writ because the issues implicated by it are likely to recur. "It is well settled that mootness does not destroy an appellate court's jurisdiction ... when the questions raised are of great public importance or are likely to recur." Holly v. Auld, 450 So.2d 217, 218 n.1 (Fla. 1984).

The record is not clear as to precisely when LaCroix was transported from the county jail and deported.

As Department's initial brief points out, the meaning and implications of the January 25, 2017 Executive Order; the federal government's immigration detainer policies; federal grant guidelines as they relate to local government compliance with federal immigration law; and the status of Miami-Dade County's own compliance with the relevant federal law, 8 U.S.C. § 1373, all continued to evolve in the months after the trial court granted the writ of habeas corpus to LaCroix. Our focus, though, is on the trial court's action of March 2-3, 2017.

The Tenth Amendment to the United States Constitution provides: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

Our standard of review for a writ of habeas corpus is de novo . State v. S.M., 131 So.3d 780, 784 (Fla. 2013).

Because we conclude that the trial court lacked jurisdiction to adjudicate the validity of the federal immigration detainer, we need not, and therefore do not, reach the issue of whether LaCroix has standing to assert a Tenth Amendment "commandeering" challenge.