**Opinion issued July 20, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00206-CR

————————————

## EX PARTE JOSE ANGEL GONZALEZ-RODRIGUEZ

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case No. 23-DCR-102451

## MEMORANDUM OPINION

Appellant Jose Angel Gonzalez-Rodriguez appeals the trial court's order denying his pretrial application for writ of habeas corpus. Appellant contends that he is unlawfully detained in the Fort Bend County Jail without probable cause and because of an unlawful, federal immigration detainer. We affirm.

## Background

In February 2023, appellant was arrested on three charges—possession of a controlled substance (felony), possession of marijuana (misdemeanor), and furnishing alcohol to a minor (misdemeanor)—and detained in the Fort Bend County Jail. The United States Department of Homeland Security Immigration and Customs Enforcement Office (ICE) lodged an immigration detainer against appellant. The immigration detainer states that probable cause exists to believe appellant is a "removable alien" and asks the jail to (1) notify ICE of appellant's release date and (2) hold appellant for up to 48 hours after his release, to give ICE time to assume custody. The immigration detainer also instructs that appellant "**must be served with a copy of this form** for the detainer to take effect."[1] (Emphasis in original.)

Appellant applied for a pretrial habeas writ, seeking release because probable cause did not exist to hold him for any offense or under the immigration detainer. Before the habeas hearing, a grand jury indicted appellant for possession of a controlled substance, and the State declined to prosecute the two misdemeanor offenses. The State argued, among other things, that these developments mooted the probable cause question, and that appellant is not confined by the immigration

---

[1]    The Texas Code of Criminal Procedure provides that "a law enforcement agency that has custody of a person subject to an immigration detainer . . . shall: (1) comply with, honor, and fulfill any request made in the detainer request provided by the federal government; and (2) inform the person that the person is being held pursuant to an immigration detainer[.]" TEX. CODE CRIM. PROC. art. 2.251(a).

detainer because it does not take effect until he is released from the state's custody. Appellant replied that, even if the returned indictment established probable cause to detain him for possession of a controlled substance, the trial court should grant habeas corpus relief from the immigration detainer because it was ineffective absent service and a warrant showing probable cause to believe he is subject to deportation. He asserted: "the ICE Hold is invalid; and [the trial court] must cancel it."

After a hearing, the trial court denied appellant habeas corpus relief,[2] finding:

- probable cause existed to detain appellant based on his indictment for possession of a controlled substance;

- no evidence showed appellant met the bail requirements for release on that offense;

- appellant was not confined on the two misdemeanor charges the State declined to prosecute;

- it had no authority over the immigration detainer;

- the immigration detainer reflected ICE's determination that there is probable cause to believe appellant is a removable alien; and

- neither party provided any legal authority establishing "a mandatory time period within which a person in custody subject to an immigration detainer must be informed of [the] detainer."

---

[2] During this appeal, letters from this Court addressed to appellant in jail were returned to the Court as undeliverable and marked "NO LONGER HERE." By order, this Court inquired whether appellant had been released from custody and asked appellant's counsel to file a supplemental clerk's record containing any release order. No response or supplemental clerk's record suggesting appellant's release from custody was filed.

**Analysis**

Appellant asked the trial court for pretrial habeas relief based on a lack of probable cause for his continued detention and the alleged illegality of the immigration detainer.

### 1. Probable cause

Before a petitioner is indicted, he may use a pretrial habeas writ to litigate probable cause to restrain him. *Ex parte Smith*, 178 S.W.3d 797, 801 & n.9 (Tex. Crim. App. 2005) (per curiam). But a returned indictment establishes probable cause as a matter of law and moots any issue on its existence. *Ex parte Plumb*, 595 S.W.2d 544, 545 (Tex. Crim. App. [Panel Op.] 1980); *Golden v. State*, 288 S.W.3d 516, 518 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). Because here a grand jury has indicted appellant for possession of a controlled substance, probable cause exists to restrain him, and he is not entitled to a pretrial habeas writ on that basis. *See Ex parte Branch*, 553 S.W.2d 380, 381 (Tex. Crim. App. 1977); *Golden*, 288 S.W.3d at 518.

### 2. Immigration detainer

Appellant argued in the trial court that even if probable cause exists to keep him in jail until the trial on the possession charge, he is still entitled to pretrial habeas relief from the immigration detainer. According to appellant, it is "immaterial" whether he is lawfully restrained on the possession charge because "[o]ne lawful detainer does not make another detainer lawful." And he asserts the immigration

detainer "confines" him within the meaning of the habeas statute and is unlawful because (1) it lacks a warrant and (2) he was not served with a copy. In appellant's view, he can use a pretrial writ in state court to secure relief on the legality of a federal immigration detainer, even before he is released from the state's criminal custody and subject to any 48-hour holding period. We disagree.

The purpose of a writ of habeas corpus is to test the legality of a prisoner's current detention. *See* TEX. CODE CRIM. PROC. art. 11.01. A pretrial habeas writ, followed by an interlocutory appeal, is an extraordinary remedy. *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017). Thus, it is reserved for when resolution of a legal issue in the applicant's favor will result in his immediate release. *Ex parte Ingram*, 533 S.W.3d at 892; *cf. Ex parte Alba*, 256 S.W.3d 682, 686 (Tex. Crim. App. 2008) ("'The function of a writ of habeas corpus is to inquire into the legality of the particular restraint being then imposed upon the petitioner. It is not to inquire into the validity of some future restraint that may or may not be imposed.'").

In support of his contention that he is in custody because of the immigration detainer, appellant cites *Hensley v. Mun. Ct.*, 411 U.S. 345 (1973). There, the United States Supreme Court considered whether a person released on his own recognizance is "in custody" within the meaning of the federal habeas statute. *Id.* at 345. The petitioner was convicted of a misdemeanor, sentenced to one year in jail, and then released on his own recognizance under an order staying execution of his sentence.

5

*Id.* at 347. Under the state law, he had to appear when ordered or else be apprehended and returned to custody. *Id.* at 348. The Court determined that the applicant, though not imprisoned in a jail, was in custody for habeas purposes:

> First, he is subject to restraints 'not shared by the public generally,' that is, the obligation to appear 'at all times and places as ordered' by '(a)ny court or magistrate of competent jurisdiction.' He cannot come and go as he pleases. His freedom of movement rests in the hands of state judicial officers, who may demand his presence at any time and without a moment's notice. . . .
>
> Second, petitioner remains at large only by the grace of a stay entered first by the state trial court and then extended by two Justices of this Court. The State has emphatically indicated its determination to put him behind bars, and the State has taken every possible step to secure that result. His incarceration is not, in other words, a speculative possibility that depends on a number of contingencies over which he has no control. This is not a case where the unfolding of events may render the entire controversy academic. The petitioner has been forced to fend off the state authorities by means of a stay, and those authorities retain the determination and the power to seize him as soon as the obstacle of the stay is removed. The need to keep the stay in force is itself an unusual and substantial impairment of his liberty.

*Id.* at 351–52.

Appellant correctly points out that the Texas Court of Criminal Appeals has agreed with *Hensley* that a person may be "in custody" for habeas purposes even if he is not detained within a jail's four walls. *See, e.g.*, *Ex parte Clear*, 573 S.W.2d 224, 229 (Tex. Crim. App. 1978) (stating that "one may be 'in custody' for habeas corpus purposes even though he is out of jail on bond or his own personal bond," and that in such cases, "the issue is whether the relator has been subjected to

6

restraints on his liberty not shared by the public generally"); *Ex parte Trillo*, 540 S.W.2d 728, 731 (Tex. Crim. App. 1976) (same), *overruled on other grounds by Aguilar v. State*, 621 S.W.2d 781, 785 (Tex. Crim. App. 1981); *see also Ex parte Snodgrass*, 65 S.W. 1061, 1062 (Tex. Crim. App. 1901) ("The words 'confined,' 'imprisoned,' 'in custody,' 'confinement,' 'imprisonment,' refer not only to the actual, corporeal and forcible detention of person, but likewise to any and all coercive measures by threats, menaces or the fear of injury whereby one person exercises control over the person of another and detains him within certain limits.").

In each of these cases, the courts considered habeas applications filed by persons out on bail or bond and subject to conditions for reporting and appearance. *See, e.g.*, *Hensley*, 411 U.S. at 347 (applicant released on his own recognizance); *Ex parte Clear*, 573 S.W.2d at 229 (applicant out on bail); *Ex parte Trillo*, 540 S.W.2d at 731 (applicant released on personal bond); *Ex parte Snodgrass*, 65 S.W. at 1061 (applicant out on bail). Appellant asserts the immigration detainer satisfies the definition of "custody" or "confinement" applied in these cases because it is a restraint not shared by the public. But he has cited no case in which an applicant for habeas relief under Texas's statute, lawfully restrained on a pending state charge, challenged a federal immigration detainer before being released from state custody.

7

Even putting aside questions about whether a Texas court can invalidate a federal immigration detainer,[3] none of appellant's arguments in the trial court convince us that appellant is entitled to immediate release if he is correct about the detainer's legality. Appellant is detained because the returned indictment establishes probable cause to hold him in state custody pending his trial on the possession charge. *See Ex parte Branch*, 553 S.W.2d at 381; *Golden*, 288 S.W.3d at 518. Thus, even assuming without deciding that the immigration detainer is defective absent a warrant and proper service, appellant would not be entitled to immediate release. And as stated, "pretrial habeas is not available when the question presented, even if resolved in the defendant's favor, would not result in immediate release." *Ex parte Ingram*, 533 S.W.3d at 891.

Appellant argued in the trial court that a different conclusion is compelled by the United States Supreme Court's holding in *Walker v. Wainwright*, 390 U.S. 335

---

[3] *See In re Wiles*, No. 08-18-0177-CR, 2019 WL 1810756, at *2–3 (Tex. App.—El Paso Apr. 24, 2019, orig. proceeding) (mem. op., not designated for publication) (granting mandamus relief from bond order requiring sheriff to ignore ICE detainer because Texas statute required sheriff to honor detainer and trial court had no "express, implied, or inherent authority" to order defendant's release); *cf. DeCanas v. Bica*, 424 U.S. 351, 354 (1976), *superseded by statute on other grounds as recognized in Arizona v. United States*, 567 U.S. 404 (2012) ("Power to regulate immigration is unquestionably exclusively a federal power."); *Ricketts v. Palm Beach Cnty. Sheriff*, 985 So.2d 591, 592–93 (Fla. Dist. Ct. App. 2008) (holding appellant could not secure habeas relief from state court on legality of his federal detainer because "area of immigration and naturalization is within the exclusive jurisdiction of federal courts" and thus constitutionality of detainer was "a question of law for the federal courts").

(1968) (per curiam). In *Walker*, the habeas petitioner was convicted of murder and sentenced to life in prison. *Id.* at 335. Five years later, he was convicted of aggravated assault and sentenced to five years, to begin when he completed his murder sentence. *Id.* The petitioner sought in a writ on the murder conviction in federal court, which the federal courts refused because a favorable decision on the murder conviction would not result in his immediate release. *Id.* at 336. The Supreme Court disagreed, holding:

> Whatever its other functions, the great and central office of the writ of habeas corpus is to test the legality of a prisoner's current detention. The petitioner is now serving a life sentence imposed pursuant to a conviction for murder. If, as he contends, that conviction was obtained in violation of the Constitution, then his confinement is unlawful. It is immaterial that another prison term might still await him even if he should successfully establish the unconstitutionality of his present imprisonment.

*Id.* at 336–37.

Federal courts following *Walker* have concluded that a failure to allege and establish the right to immediate release is no longer a basis for denial of relief under the federal habeas statute. *See, e.g., Carafas v. LaVallee*, 391 U.S. 234, 239 (1968); *Mays v. Dinwiddie*, 580 F.3d 1136, 1141 (10th Cir. 2009). But here, appellant seeks relief under the Texas habeas statute, and the Texas Court of Criminal Appeals continues to use the immediate release rule in determining the availability of habeas

9

relief under that statute.[4] *See, e.g.*, *Ex parte Hammons*, 631 S.W.3d 715, 716 (Tex. Crim. App. 2021) (per curiam); *Ex parte Ingram*, 533 S.W.3d at 892; *see also Ex parte Estrada*, 573 S.W.3d 884, 892 (Tex. App.—Houston [1st Dist.] 2019, no pet.) ("The Court of Criminal Appeals has limited the use of pretrial habeas applications to issues that would result in immediate release . . . ."). Given that the immediate release rule applies, we do not reach the merits of appellant's arguments on lack of service or a separate probable cause warrant.

**Conclusion**

We affirm the trial court's denial of appellant's application for a pretrial writ of habeas corpus.

Sarah Beth Landau
Justice

Panel consists of Justices Goodman, Landau, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[4] The Texas Court of Criminal Appeals has cited *Walker* only once, quoting its general statement of a habeas writ's purpose as support for Texas courts' refusal to grant habeas relief on abstract propositions. *Ex parte Alba*, 256 S.W.3d 682, 686 (Tex. Crim. App. 2008).

10